UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN J. WALSH,
   Secretary of Labor,
   United States Department of Labor,

                Plaintiff,

   v.

UNITED STATES POSTAL SERVICE,

                Defendant.

Case No. _____

**COMPLAINT – LABOR;**
**29 U.S.C. § 660(c)**

## **COMPLAINT**

1. Plaintiff Martin J. Walsh, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act"), seeking to enforce the provisions of Section 11(c) of the Act.

2. Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2).

3. Defendant United States Postal Service ("USPS") sorts and delivers mail out of a facility located in East Vancouver, Washington, which is within the jurisdiction of this Court. Defendant USPS is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4)-(6).

4. On or about October 2, 2020, Samuel Sweezer began working for Defendant USPS as a City Carrier Assistant ("CCA") at the East Vancouver, Washington facility.

**COMPLAINT** – LABOR; 29 U.S.C. § 660
Page - 1

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA 94103
Telephone: (415) 625-7747

5. Because he was a new employee, Mr. Sweezer was hired subject to a new-employee 90-day probationary period, which was scheduled to end on or about January 1, 2021. Mr. Sweezer's last day of employment with Defendant USPS was November 30, 2020. At all relevant times, Mr. Sweezer was an employee of Defendant USPS as defined in 29 U.S.C. §§ 652 (5)-(6).

6. Mr. Sweezer's assigned supervisor at Defendant USPS before he was terminated was Mike Woodard.

7. On Sunday, November 29, 2020, Mr. Sweezer suffered an injury at work while he was still a probationary employee.

8. Mr. Sweezer reported his injury immediately to the supervisor on duty, Aleksandr Navarro. Mr. Navarro only supervised Mr. Sweezer on this date.

9. On November 29, 2020, Mr. Sweezer sought medical care for his injury.

10. To assist him in receiving medical care, Defendant USPS' on duty supervisor, Aleks Navarro, drove Mr. Sweezer to a medical facility to obtain care on November 29, 2020. Mr. Sweezer obtained a doctor's note excusing him from work because of the on-the-job injury he sustained.

11. On or around November 29, 2020, the Acting Postmaster for Defendant USPS at its East Vancouver facility, Trisha Adams, interviewed just two USPS managerial employees—Mr. Navarro and Ms. Joanne Dunn—regarding Mr. Sweezer.

12. Acting Postmaster Adams did not know Mr. Sweezer personally and became the Acting Postmaster at USPS' East Vancouver facility earlier in November 2020.

13. On November 30, 2020, the day after Mr. Sweezer's on-the-job injury, Acting Postmaster Adams decided to terminate Mr. Sweezer solely based on her interviews of Mr. Navarro and Ms. Dunn.

14. On November 30, 2020, Acting Postmaster Adams terminated Mr. Sweezer via a certified letter. This terminating letter asserted:

> This is your official notice that you will be separated from the Postal Service on close of Business 11/30/2020. While we had hoped for your success in your endeavor, you have failed to work in a safe manner. Safety is my upmost concern and the ability to work in a safe manner while completing your daily duties is essential. All employees are responsible for performing all duties in a safe manner and are expected to discharge their assigned duties conscientiously and effectively, you have failed to do so.

**COMPLAINT** – LABOR; 29 U.S.C. § 660
Page - 2

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

15.     In its January 15, 2020, position statement to the Occupational Safety and Health Administration ("OSHA"), Defendant USPS suddenly added an additional reason for terminating Mr. Sweezer—the text message he sent to his assigned supervisor, Mr. Woodard, on November 30, 2020, 2020.

16.     In OSHA's June 10, 2021, interview of the terminating official, Ms. Adams suddenly identified still another reason for terminating Mr. Sweezer on November 30, 2020—his poor attitude. On June 10, 2021, Ms. Adams only identified two reasons for terminating Mr. Sweezer on November 30, 2020:  not working in a safe manner and his poor attitude related to when and how much he worked. During her June 10, 2021, recorded interview, Ms. Adams made no mention of Mr. Sweezer's November 30, 2020, text.

17.     USPS Handbook EL-312 Employment and Placement ("USPS Handbook") and USPS document PS Form 1750 requires that probationary employees such as Mr. Sweezer receive coverage on their initial standards and receive three evaluations for these standards during their probationary period. The initial standards coverage is to be completed within the first week of probationary employment while the three evaluations are to occur at 30 days, 60 days, and 80 days of this probationary employment.  On the PS Form 1750, both the supervisor and the probationary employee "must" initial the form to document the standards coverage while just the probationary employee is required to initial the form to document when he receives each of three aforementioned evaluations.

18.     Defendant USPS failed to cover and document Mr. Sweezer both on his initial standards and the evaluation thereof in accord with its procedures—indeed, Defendant USPS never evaluated Mr. Sweezer.

19.     Defendant USPS never provided any documents to OSHA during its investigation showing that any of its supervisors ever evaluated Mr. Sweezer's performance or attitude even though it provided other documents to OSHA during this investigation.

20.     On December 4, 2020, Mr. Sweezer filed a formal whistleblower complaint to OSHA, alleging that Defendant USPS retaliated against him in violation of § 11(c)(1) of the Act, 29 U.S.C. §

**COMPLAINT** – LABOR; 29 U.S.C. § 660
Page - 3

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

660(c)(1).

21. Plaintiff investigated the whistleblower complaint in accordance with § 11(c)(2) of the Act and determined that Defendant USPS violated § 11(c)(1) of the Act. 29 U.S.C. §§ 660(c)(1)-(2).

22. By the acts described above, and by each of said acts, Defendant USPS discharged Mr. Sweezer because he exercised his rights under or related to the Act, i.e., reporting a workplace injury, and thereby Defendant USPS engaged in, and is engaging in, conduct in violation of § 11(c)(1) of the Act.  29 U.S.C. § 660(c)(1).

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Secretary of Labor prays for a Judgment against Defendant USPS as follows:

(1) For an Order permanently enjoining Defendant USPS, its officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. § 660(c)(1); and

(2) For all appropriate relief, including:

a. Payment to Mr. Sweezer for lost wages and benefits and compensatory damages including emotional distress damages, plus pre- and post-judgment interest accruing thereon; and

b. For an Order directing Defendant USPS to expunge any adverse references from Mr. Sweezer's personnel record and reinstate Mr. Sweezer with full-time employment and all attendant benefits and privileges; and

c. For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

d. For an Order requiring posting in a prominent place at Defendant USPS' East Vancouver, Washington facility for 90 (ninety) days a Notice stating Defendant USPS will not in any manner discriminate against employees because of engagement, whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

e. For an Order granting such other and further relief as may be necessary and

**COMPLAINT** – LABOR; 29 U.S.C. § 660  
Page - 4

U.S. DEPARTMENT OF LABOR  
OFFICE OF THE SOLICITOR  
90 Seventh St., Rm. 3-700  
San Francisco, CA  94103  
Telephone: (415) 625-7747

appropriate in this action, including costs and attorneys' fees.

Respectfully submitted this 4th day of January 2023.

        SEEMA NANDA
        Solicitor of Labor

        MARC PILOTIN
        Regional Solicitor

        JEANNIE GORMAN
        Whistleblower Coordinator

        /s/ Norman E. Garcia
        NORMAN E. GARCIA
        Senior Trial Attorney

        Attorneys for Secretary of Labor
        U.S. Department of Labor

**COMPLAINT** – LABOR; 29 U.S.C. § 660
Page - 5

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747