Hon. Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE SU, ACTING SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR, | Case No. 3:23-cv-05007-RJB |
| Plaintiff, | **DECLARATION OF NORMAN E. GARCIA IN SUPPORT OF THE ACTING SECRETARY'S LCR 37 SUBMISSION** |
| v. | |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

I, Norman E. Garcia, make this declaration, under the penalty of perjury, in support of the Acting Secretary's LCR 37 Submission.

1.    I possess personal knowledge of the matters set forth in this declaration and I am competent to testify to the same, and if called to testify my testimony would be as stated in this declaration.

2.    I am employed as a Senior Trial Attorney in the Office of the Solicitor, Region IX, for the Department of Labor, an Agency of the United States government.  My business address is 90 Seventh St. Rm. 3-700, San Francisco, California 94103.

3.    I am the Office of the Solicitor's attorney assigned to this case.

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

4.  Attached as Exh. 1 hereto is a true and correct copy of Supervisor Alexsandr Navarro's self-drafted Affidavit dated April 12, 2021, that USPS' EEO organization took that USPS produced in this litigation.  The responses to questions 9 and 10 identify that (1) Samuel Sweezer hit his head while entering his vehicle on November 29, 2020, (2) that Sweezer informed USPS supervisor Aleksandr Navarro of this accident, and (3) Navarro took him to Kaiser Hospital.

5.  Attached as Exh. 2 hereto is a true and correct copy of Postmaster Trisha Adam's self-drafted Affidavit dated April 2, 2021, that USPS' EEO organization took that USPS produced in this litigation.  The response to question 17 identifies Sweezer as a City Carrier Assistant who was on probation at the time of his accident.

6.  Attached as Exh. 3 hereto is a true and correct copy of a document from Kasier Permanente dated November 29, 2020, that USPS produced in this litigation excusing Samuel Sweezer from work from November 29, 2020, to December 1, 2020, because of the injury he sustained on November 29, 2020.

7.  Attached as Exh. 4 hereto is a true and correct copy of USPS responses to the Acting Secretary's Request for Admissions First Set wherein USPS admitted that Acting Postmaster Trisha Adams terminated Sweezer on November 30, 2020, after not reviewing any documents, only talking to Navarro and USPS manager Joanna Dunn, and not personally knowing Sweezer at USPS' responses to RFAs 9, 11-13.  *See also*, Exh. 2 at responses 13-16.  *See also* USPS' response to RFA 33 at Exh. 4 wherein the only USPS employee that Navarro talked to regarding Sweezer and his injury in November 2020 was Adams.

8.  *See* Exh. 1, and responses thereto at 3 and 14; and USPS' response to RFA 31 at Exh. 4. Additionally, in OSHA's audio taped interview of Navarro on June 10, 2021, Navarro stated he first met Sweezer on November 29, 2020.

9.  USPS admitted that Michael Woodard was Sweezer's assigned supervisor at Exh. 4, response to RFA 34.  USPS further admitted that Adams did not review any documents

prior to terminating Sweezer and that USPS never filled out a PS Form 1750 for Sweezer either to cover him with his standards or to review his performance as required by the PS Form 1750 at responses to RFAs 4-8 at Exh. 4. *See also* USPS' responses to RFAs 17-22 at Exh. 4 that detail the requirements of USPS' PS Form 1750.

10. Adams, in her self-drafted April 2021 affidavit, stated that the reason she gave Sweezer for terminating him was for his "failure to work in a safe manner." *See* response 22 in Exh. 2. Attached as Exh. 5 hereto is a true and correct copy of the November 30, 2023, termination letter that Acting Postmaster Adams issued to Sweezer that USPS produced in this matter. Adams also testified in her affidavit that she learned that Sweezer was repeatedly counseled for safety issues and had an attitude problem after talking to multiple supervisors and a manager. *See* response 20 in Exh. 2; *see also* USPS' response to RFA 14 at Exh. 4. However, this statement in her affidavit conflicts with USPS' admission that she only talked to Dunn (a manager) and Navarro (a supervisor) and thus not multiple supervisors as she claims. *See* USPS' response to RFA 13 at Exh. 4.

11. USPS' January 15, 2021, position statement stated nothing about attitude, but stated Sweezer was terminated because of his unsafe act on November 29th and the text that he sent his supervisor Woodard on November 30th. *See* USPS' response to RFA 15 at Exh. 4 and Exh. 6 at pp. 3, 6 attached hereto which is a true and correct copy of USPS' position statement that it produced to the Acting Secretary on January 15, 2021. USPS also produced this position statement during discovery in this matter.

12. USPS' January 15, 2021, position statement also stated that "Management had spoken with Sweezer prior to his accident about unsafe working habits, attitudes and performance" at pp. 2-3 of Exh. 6.

13. USPS' PS Form 50, Notification Of Personnel Action, dated December 1, 2020 (two days after accident), stated: "SEPARATION-EMPLOYEE WAS SEPARATED FOR FAILING TO WORK IN A SAFE MANNER." Attached as Exh. 7 hereto is a true and

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No. 3:23-cv-05007-RJB
Page - 3

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA 94103
Telephone: (415) 625-7747

1   correct copy of USPS' PS Form 50, Notification Of Personnel Action, dated December 1,

2   2020, for Sweezer that USPS produced in this litigation.

3   14.   Attached as Exh. 11 is a true and correct copy of Joanna Dunn's self-drafted Affidavit

4   dated April 9, 2021, that USPS' EEO organization took that USPS produced in this

5   litigation.  At response 11 Dunn stated:  "I can verify that the Complainant was

6   terminated from his employment with the Postal Service on November 30, 2020, for

7   failure to work in a safe manner."  Included as part of Dunn's affidavit is Sweezer's "PS

8   Form1769/301 Accident Report" that identifies that the "Unsafe Personal Factor(s)" was

9   "didn't see" and the "Unsafe Practice(s)" was "haste."  *See* Exh, 11, p. 11.  **Noticeably**,

10  the information in this accident report *contrasts sharply* with the alleged Sweezer's "PS

11  Form1769/301 Accident Report" that was included as an attachment to USPS' position

12  statement wherein this second alleged accident report stated "Willful disregard for

13  instructions" for Unsafe Personal Factor(s)" and "failure to check clearance" for "Unsafe

14  Practice(s)."  *See* Exh. 6, p. 4.

15  15.   USPS did not terminate other CCAs who were in a probationary status at the same postal

16  facility (East Vancouver) when they got into accidents during their probationary period as

17  shown in several documents that USPS produced.

18        A.   Attached as Exh. 8 is a true and correct copy of a report that USPS produced to

19             OSHA during its investigation of Sweezer's termination wherein USPS identified

20             the USPS employees working at the East Vancouver Postal Facility ("EVPF")

21             who got into accidents during their 90-day probationary period who were not

22             terminated during their probationary period.  This included Cassidy Morris who

23             started her USPS employment (*i.e.,* she had a "EOD" enter on duty date) on May

24             25, 2017, and got into an accident on August 2, 2017, by sideswiping a vehicle

             while driving because she did not check her clearance.  This report showed that

             she was not terminated during her probationary period because she resigned more

             than a year after her accident.

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 4

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

B.  Attached as Exh. 9 is a true and correct copy of an accident report that USPS produced during this litigation for Michelle Wilmot that showed she started working for USPS on November 8, 2018, and had an accident **eight days later** on November 16, 2018, wherein she slipped while stepping out of postal vehicle such that she twisted her ankle, fell into the postal vehicle and injured her left shoulder and had numbness in left hand.  Supervisor Fruits took probationary employee Wilmot to urgent care.  USPS found that she failed to comply with safety rules and the injury was caused by inattention or distraction.

C.  Attached as Exh. 10 is a true and correct copy of an accident report that USPS produced during this litigation for Tiffany Akerele that showed she started working for USPS on November 12, 2017, and had an accident on February 1, 2018, wherein she incurred a cut to her right ankle while moving equipment. USPS found that she failed to follow safety rules and was working too much in "haste."

16.  Despite USPS' claims of Sweezer having recurring attitude, safety issues and repeated counselings by management for them, the only evidence that USPS provided to support these claims in its ROGs' responses was the November 29th accident, the November 30th termination letter, a November 30th text that was not considered by Adams, and documents related to Sweezer's injury.  Attached hereto as Exh. 12 is a true and correct copy of the Acting Secretary's First Set of ROGs propounded in this matter on April 3, 2023.  Attached hereto as Exh. 13 is a true and correct copy of the Acting Secretary's First Set of RFPs propounded in this matter on April 3, 2023.  Exhs. 12 and 13 are useful for the definitions section since this written discovery used many definitions.  Attached hereto as Exh. 14 is a true and correct copy of USPS' Supplemental Interrogatory and Document production responses dated July 7, 2023, that contain the ROGs, RFPs and USPS' original and supplemental responses to them.  *See* USPS' responses and supplemental responses to ROGs 3, 4, 7, 9, 11, 13, 14 at Exh. 14 and its admission to

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

RFAs 12 and 13 at Exh. 4 for support for the first sentence in this paragraph.  USPS'

response to ROG 9 stated:

> Sweezer was not removed for any work conduct, aside from the conduct identified in
> the Letter of Separation, *i.e.*, Sweezer's failure to work safely on November 29, 2020
> and as he admitted in his text on November 30, 2020 he had not been working at
> optimum levels.  *See* Bates No. 00015.  Further answering, Defendant is not aware of
> any other conduct that Sweezer engaged in which was the addressed by any
> management official.

17.    Adams in her USPS EEO affidavit provided a vague statement about Sweezer that

did not provide any details like who was involved/witnessed the conduct from USPS, when it

occurred, what happened (e.g., what was specifically stated or did), what USPS did in response,

etc.  *See* response 20 to Exh. 2 for Adams.  Moreover, because Adams did not know Sweezer

before his accident and only learned of him after talking to others, her comments are hearsay.

*See* USPS' responses to RFAs 11-13 at Exh. 4.

18.    USPS produced no documents of this other alleged conduct (*e.g.,* prior unsafe

acts, having an attitude problem) to document it, nor did it provide any documents of it

allegedly counseling Sweezer on his alleged problematic behavior despite repeated discovery

requests seeking it.  Importantly, neither Dunn nor Navarro, who are the *only* ones that Adams

identified as talking to her about Sweezer, made *any* negative comments about Sweezer's

performance in their affidavits other than the November 29, 2020, accident.  *See* Exhibits 2 and

11.

19.    The Acting Secretary produced her initial disclosures identifying 12 names, 6

categories of people, 539 document pages and 3 audio tapes on March 30, 2023.  Attached

hereto as Exh. 15 is a true and correct copy of the Acting Secretary's initial disclosures in this

matter.  USPS' initial disclosures just identified *two names* (Sweezer & Adams), *produced no*

*documents* and just referenced 159 pages in Plaintiff's production.  Attached hereto as Exh. 16

is a true and correct copy of USPS' initial disclosures in this matter.

20.    The Acting Secretary propounded her first set of written discovery on April 3,

2023.  USPS answered the RFAs on April 28, 2023, and produced documents and the other discovery responses on June 16, 2023, after several extensions were granted.  After meet and confer communications and calls, USPS supplemented its responses on July 7, 2023, and produced further document productions on July 27, 2023, and August 11, 2023.

21.    On April 17, 2023, I sent USPS' counsel an e-mail that tried to minimize potential discovery problems after identifying issues with USPS' discovery responses in *Su. v. USPS*, case no. 3-22-cv-5180 in WD WA.  This e-mail, inter alia, stated:

> I am writing this letter [sic] to err on the side of caution and to hopefully head off any discovery problems when USPS produces documents in response to the Secretary's first set of document production requests. . . .
> I noticed that Ms. Pule [in *Su. v. USPS*, case no. 3-22-cv-5180 in WD WA] identified in her deposition that there were responsive e-mails she was not asked for prior to her deposition and that no e-mails were produced with USPS' initial document production in response to DOL's first set of document production requests.  Ms. Pule also identified that she used her personal cell phone to e-mail work related e-mails.  USPS then subsequently produced e-mails in a supplemental production.

Attached hereto as Exh. 17 is a true and correct copy of this April 17, 2023, e-mail.

22.    Yet, despite this warning and identification of past discovery abuses, USPS, to date, not counting its EEO production in August, produced one e-mail and one text message in all its productions even when Plaintiff produced many text messages between Sweezer and USPS supervision during her initial disclosures.  The text message that USPS produced was the November 30, 2020, text that Sweezer sent his supervisor.  The e-mail that USPS produced was Woodard sending Dunn a copy of this text message on December 29, 2020, for USPS to apparently respond to OSHA's investigation.  It was not until August 11, 2023, 130 days after discovery was propounded, that USPS stated in an e-mail, inter alia, that it was going to do e-mail searches and that it has asked three of four people about text messages.  Attached hereto as Exh. 18 is a true and correct copy of USPS' August 11, 2023, e-mail.  USPS' supervision (Adams, Dunn and Navarro) signed litigation hold notices.  Attached hereto as Exh. 25 is a true

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

1   and correct copy of the litigation hold notices that Adams, Dunn and Navarro signed that USPS
2   produced in this litigation.

3       23.     Attached as Exh. 19 is a true and correct copy of the string of meet and confer e-
4   mails that the parties exchanged between August 11, 2023, to August 25, 2023, regarding the
5   issues that are subject to this motion to compel.  Included in Exh. 19 is the August 11, 2023,
6   USPS e-mail; the undersigned's August 22, 2023, response thereto detailing how USPS'
7   discovery actions regarding e-mails, text messages, comparator contract information,
8   comparator PS Form 1750s, were still insufficient; USPS' August 25, 2023, e-mail responding
9   to the Acting Secretary's August 22, 2023, e-mail;[1] and the undersigned's August 25, 2023,
10  response to USPS' August 25, 2023, e-mail.  In USPS' first August 25, 2023, e-mail at 3:26
11  p.m., it stated:  "When the Agency is required to produce text messages, it can obtain a
12  subpoena to the caller's carrier."  This is the first time that USPS ever stated that it needed a
13  court order to obtain them, and it came more than four and a half months after the Acting
14  Secretary propounded her discovery on April 3, 2023.  The undersigned's August 25, 2023, e-
15  mail response stated:

> Your proposed protective order requires DOL to jump through a lot of hoops,
> is contrary to your past statements that it is USPS policy to have one since one
> has never been used in any of my USPS litigation to include 11(c), it is not
> needed, you only produced two examples of which that were for class actions,
> you produced no protective orders for any litigation involving OSHA, and
> USPS protective order actions are untimely.
>
> Adams identified in her OSHA interview that USPS HR was starting a
> practice of tracking PS Form 1750s in October 2020.  Therefore, the process
> started before 2021 unless you are referring to FY 2021.  You have also
> produced no communications whatsoever regarding this practice or any
> communications from the Washington District regarding PS Form 1750 nor
> have you produced 2021 PS Form 1750 that you previously committed to
> produce.

---

[1]     The lag time of 11 days between the August 11, 2023, e-mail and the August 22, 2023,
response is because the undersigned was on vacation in Europe when the August 11th e-mail was
sent.

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 8

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

In terms of texts, USPS has a duty to produce the texts in its possession, custody, and control as opposed to just verifying that the ones I sent you were authentic. USPS has failed to do that and failed to do electronic searches of them. There was nothing stopping USPS' corporate security from pulling them and you never stated before now during any of the previous meet and confer communications or in USPS discovery responses that USPS needed a court order to produce them. You also fail to realize that USPS is not only obligated to produce texts b/w Sweezer – Adams, Woodard, Dunn and Navarro, but USPS is also required to produce texts b/w postal management/supervisors within East Vancouver regarding Sweezer and b/w postal management/supervisors at East Vancouver and the Washington District regarding Sweezer. The same applies to e-mails, memos, letters, etc. between employees of these two organizations.

Despite my warning e-mail on April 17, 2022, [sic] regarding e-mails, you waited 130 days after DOL discovery was propounded on April 3, 2023, to request e-mails. There is no excuse for that. Furthermore, your request is incomplete b/c you only have to and from requests for Dunn and not others like Woodard or Navarro. Moreover, you did not request any e-mails for Adams – the person who terminated Sweezer nor from the Washington State District for any USPS employee that was involved with Sweezer's injury or termination. Furthermore, your search terms should have include[d] Sweezer, Samuel Sweezer, and Samuel.

As such, DOL is going ahead with its Motion to Compel.

USPS responded on the same date and just stated "Understood."

24. Below is a listing of the parties' meet and confer communications related to this motion to compel that is *in addition* to that already referenced above in ¶¶21-23.

A. On June 27, 2023, the undersigned sent USPS' counsel a meet and confer letter with a 12-page, single spaced attachment detailing the issues with USPS' June 20, 2023, discovery responses and requesting a time to have a conference call to discuss. Attached as Exh. 20 hereto is a true and correct copy of that e-mail and attachment.

B. On June 30, 2023, the parties met and conferred over the telephone regarding Exh. 20.

C. On July 3, 3023, the undersigned resent USPS' counsel the file number of

Declaration of Norman E. Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 9

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

1
2
3
4

Sweezer's USPS EEO investigation on a page from that investigation because the investigation file was not included as part of USPS' June 20, 2023, document production.  This page was previously produced to USPS as part of the Acting Secretary's initial disclosures on March 30, 2023, at BSN 255.

5
6

       D.     On July 7, 2023, USPS produced supplemental responses.  These responses, inter alia, did not address Sweezer's USPS EEO claim and the investigation thereof nor did they address e-mails or text messages.  *See* Exh. 14.

7
8
9
10
11

       E.     On July 13, 2023, the undersigned sent USPS an e-mail that stated, inter alia, that USPS' supplemental responses did not address Sweezer's USPS EEO investigation and USPS' production of e-mails and text messages.  It also inquired when USPS would be producing the documents referenced in its July 7, 2023, supplemental production.  Attached as Exh. 21 hereto is a true and correct copy of this e-mail.

12
13

       F.     Over the next two weeks, the parties' negotiated a release for Sweezer's medical file.

14

       G.     On July 27, 2023, USPS produced additional documents to include redacted comparator information.

15
16
17
18
19
20
21
22

     25.     The Acting Secretary served seven interrogatories to identify what USPS found to be deficient in Sweezer's performance, attitude and conduct and to learn the actions that USPS took in response given its alleged claims that he had repeated attitude and safety problems prior to the November 29, 2023, accident for which he was allegedly counseled.  *See* Exh. 14 attached hereto for USPS' responses and supplemental responses for interrogatories 3, 4, 7, 7, 9, 11, 13, 14. Exh. 12 attached hereto contains the interrogatories that the Acting Secretary served for her first set.  Exh. 12 is important because it provides the definitions for the capitalized words used in the interrogatories listed at Exh. 14.

23
24

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

26.     USPS responded to the Secretary's interrogatories at 3, 4, 7, 7, 9, 11, 13, 14 at Exh. 12 by referring to its position statement that included Sweezer hitting his head on November 29, 2022, the November 30th termination letter and to a November 30th text day regarding his attitude, as well as other documents relating to his November 29th injury.  *See* USPS' responses and supplemental responses at Exh. 14 for interrogatories 3, 4, 7, 7, 9, 11, 13, 14.  USPS did not provide any other specifics or identify any other documents.  USPS' position statement referenced in some of these interrogatory responses is attached hereto as Exh. 6.  Noticeably, this position statement did not reference Sweezer having an attitude problem.

27.     In response to Interrogatory No. 9, USPS stated:  "Sweezer was not removed for any work conduct, aside from the conduct identified in the Letter of Separation, *i.e.*, Sweezer's failure to work safely on November 29, 2020 and as he admitted in his text on November 30, 2020 he had not been working at optimum levels. *See* Bates No. 00015 [of Exh. 6 attached hereto].  Further answering, Defendant is not aware of any other conduct that Sweezer engaged in which was the [sic] addressed by any management official."  *See* USPS' responses and supplemental responses at Exh. 14 for ROG 9.

28.     When USPS was asked to admit in four Requests for Admission (nos. 46-49) that it had no observation forms that documented Sweezer's alleged attitude, performance, conduct or working safely issues, USPS denied all four requests and failed to identify any observation forms in response to interrogatories (nos. 10, 12) and failed to produce any even though they would be responsive to many document production requests (nos. 3, 5, 8, 12, 16, 26, 29, 35, 37, 44, 52). *See* Exh. 4 for USPS' RFA responses and Exh. 14 for its ROG and RFP response and supplemental responses.

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 11

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

29.     The Acting Secretary propounded RFPs wherein e-mails, and text messages related to Sweezer's performance (RFPs 3, 26, 35), safety conduct (RFPs 5, 26), attitude (RFPs 8, 26, 52), the termination letter issued to him (RFP 12), injury claim (RFP 16), and documents provided to Sweezer (RFPs 29, 44) would be responsive.  *See* Exh. 13 for the Acting Secretary's document production requests.  The Acting Secretary also propounded FRP 37 for communications regarding Sweezer "between MANAGEMENT PERSONNEL within the EAST VANCOUVER POSTAL FACILITY or within the WASHINGTON DISTRICT,[2] but it also includes COMMUNICATIONS between managers in the EAST VANCOUVER POSTAL FACILITY and the WASHINGTON DISTRICT."

30.     In the USPS 11(c) case that I litigated in the Eastern District of California in 2021 involving a probationary employee who was terminated after reporting a workplace injury, there was extensive communications between the local postal facility and its district office regarding employee terminations to include a discipline worksheet, the drafting of termination letters and approvals that had to be obtained before probationary employees were terminated.  Attached hereto as Exh. 22 is a true and correct copy of a string of USPS e-mails between the supervisor of the terminated USPS probationary employee in Madera, California and its Sacramento District Office.  Included within this string are templates of termination letters to use.  Attached hereto as Exh, 23 is a true and correct copy of an e-mail sent from the local postal facility to its Sacramento District Office and its attachments:  incomplete discipline worksheet and PS Form 1750.  As evidenced in Exh. 22, the Sacramento District office first provided an attendance termination letter for the probationary employee.  However, another person within this District identified a problem with this reason because all the

_____

[2]      The Washington District was EVPF's higher headquarters.

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 12

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

probationary employee's absences were due to his injury.  Next, USPS withdrew this termination letter, and this District Office provided the terminating official with a performance termination letter.  Exh. 23 shows an incomplete discipline worksheet with important information missing such as dates of counselings, standards coverage and how all the dates of prior warnings and counseling as well as questioning the employee about the terminating injury all had the same date.  The associated PS Form 1750 was also problematic because it showed no coverage of standards to include no initials by USPS and the probationary employee for this coverage.  It likewise was missing the initials of the employee acknowledge being provided a 30-day evaluation.  Finally, it stated he was not available for his 60-day evaluation when other payroll records showed that the probationary employee worked for USPS on his 60th day. The parties agreed to settle the case within two months of USPS producing these documents that seriously undermined USPS' case.  It took another couple of months to finalize the non-monetary terms before filing.

31.    Plaintiff sought contact information for probationary employees who worked at EVPF at RFP 11.  In both its initial response on June 16th and its supplemental response on July 7, 2023, USPS stated it would produce the documents.  *See* Exh. 13 for the document production requests that contain definitions and USPS' initial and supplemental responses thereto at Exh. 14.

32.    On July 27, 2023, for the *first time*, after already providing initial and supplemental discovery responses and twice producing documents, USPS stated in an e-mail:  "The home addresses have been redacted.  Since drafting my discovery responses, and speaking with fellow counsel in our OSHA unit, I have been advised that it is the USPS policy to provide contact information only if the USPS and the DOL can agree to seek a Privacy Act protective order from the court."  Attached hereto as Exh. 24 is a true and correct copy of a string of e-mail exchanged

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

between the parties between July 27, 2023, and August 1, 2023, related to, inter alia, protective orders.  In both of my July 31, 2023, and August 1, 2023, e-mails, I questioned whether this was USPS policy given that it has never done this before in its litigation with me or other attorneys within my Region whether it be 11(c) or regular OSHA cases.  USPS stated that it is the policy of its new unit that will deal with OSHA matters going forward to require them and produced two examples of them for class action lawsuits.  Even though it is USPS' alleged policy to have them, it never produced a single solitary example of one involving an OSHA case with the Acting Secretary.  I stated on August 25th: "Your proposed protective order requires DOL to jump through a lot of hoops, is contrary to your past statements that it is USPS policy to have one since one has never been used in any of my USPS litigation to include 11(c), it is not needed, you only produced two examples of which that were for class actions, you produced no protective orders for any litigation involving OSHA, and USPS protective order actions are untimely."

33.     It is a USPS requirement for its supervisory staff to use PS Form 1750 to document standard's coverage and evaluations of these standards for probationary employees.  *See* Exh. 4 attached wherein USPS admitted RFAs 8, 17-22 that address USPS' requirements for using a PS Form 1750.  *See also* Exh. 4 for RFAs 4-7 to see that USPS admitted that it did not fill out a PS Form 1750 for Sweezer nor share one with him.

34.     USPS' response to RFA 28 at Exh. 4 stated in part:  "Defendant admits that Adams stated in her June 10, 2021 OSHA interview that she was advised that Human Resources was coming up with a new system for tracking evaluations" of PS Form 1750.  USPS provided further information about this District HR tracking PS Form 1750s when it stated in its August 11, 2023, e-mail at Exh. 18: "District HR was

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 14

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

not tracking PS Forms during 2020 or any period prior to that.  In 2021, the District began a process to track PS Form 1750s but that effort lasted only a short time."

35.     Adams instructed her management staff to fill out PS 1750 Form for their probationary employees in November 2020 prior to Sweezer's injury on November 29, 2020.  *See* RFAs 41-43 and USPS' responses thereto at Exh. 4.

36.     The parties met and conferred telephonically regarding the scope of RFP 19 at Exh. 14 on June 30, 2023.  During this meet and confer, the parties agreed to change the scope of RFP 19 from the Washington District to the East Vancouver Postal Facility.  *See* supplemental response to RFP 19 at Exh. 14 that states:  "The Defendant agreed to limit the request to the East Vancouver facility.  The Agency will conduct a search to provide PS Form 1750s."[3]

37.     USPS stated on August 11, 2023, that the Washington District did not track the PS Form 1750 prior to 2020, tracked it for a short time in 2021 and only found three PS Form 1750s in the electronic official personal files for three employees.  *See* Exh. 18.  The Acting Secretary asked USPS in its August 22, 2023, and August 25, 2023, e-mails to document this information in a declaration since it was stated in an e-mail and to produce these PS Form 1750s.  Exh. 19.  To date, USPS has produced neither the declaration nor these PS Form 1750s.

38.     The Acting Secretary also propounded an RFP that requested documents "that establish, explain and / or provide guidance RELATED TO probationary employees working at the" EVPF.  RFP 15 at Exh. 13.  USPS produced USPS-wide documents but stated that it "does not have site specific policies," and provided no specific policies for the District or EVPF.  USPS' response to RFP 15 at Exh. 14.  However, the District tracking PS Form 1750s would be a site-specific policy for the District that applied to EVPF.  After learning of this tracking system through

---

[3]     USPS labeled this response as a supplemental response to RFP 18.  However, RFP 18 at Exh. 14 already had a supplemental response and this is the response that was located under RFP 19 and USPS' initial response to RFP 19.  USPS also did not have any other supplemental response to RFP 19.

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 15

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

1  USPS's August 11, 2023, e-mail, the Acting Secretary requested the documents for it (*e.g.*, e-mails,

2  policies) in her August 24th and 25th e-mails.  To date, none have been produced.

3      39.      The undersigned certifies that it repeatedly met and conferred with USPS' counsel in

4  an attempt to resolve discovery matters stated herein without involving this Court.  *See* ¶¶21-24, 32,

5  36-38 *supra*.

6      40.      USPS made general, to the extent they apply, objections in all of its discovery

   responses to include: RFAs, ROGs, RFPs, initial and supplemental.  *See* Exh. 4, pp. 2-3, Exh. 14,

7  p. 2.  Attached as Exh. 4 hereto is a true and correct copy of USPS responses to the Acting

8  Secretary's Request for Admissions First Set.  Attached hereto as Exh. 14 is a true and correct

9  copy of USPS' Supplemental Interrogatory and Document production responses dated July 7,

10 2023, that contain the ROGs, RFPs and USPS' original and supplemental responses to them.  In

11 the undersigned's June 27, 2023, e-mail at Exh. 20 on p.1, I stated:  "Federal Courts do not

12 accept general objections or objections made in general statements like you did.  The objections

   are supposed to be by discovery responses and the courts consider them to be invalid

13 objections/waived when they are put as general objections.  So, any objections in your general

14 statement are waived.  If you would like the caselaw on this, I can easily provide it."  However,

15 despite this notice, USPS continued to make general objections in its supplemental responses

16 served on July 7, 2023.  Attached as Exh. 20 hereto is a true and correct copy of the

17 undersigned's June 27, 2023, e-mail and attachment.

18     41.      USPS made specific objections to two requests at issue in this motion to compel

   (ROG 9 and RFP 19 at Exh. 14) of which the objections for RFP 19 were resolved.  As stated in

19 ¶36 *supra*, during the telephonic meet and confer on June 30, 2023, the parties agreed to change

20 the scope of RFP 19 from the Washington District to the East Vancouver Postal Facility.  *See*

21 supplemental response to RFP 19 at Exh. 14 that states:  "The Defendant agreed to limit the

22 ///

23

24

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747

request to the East Vancouver facility.  The Agency will conduct a search to provide PS Form 1750s."

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed:  September 7, 2023

   /s/   Norman E. Garcia
NORMAN E. GARCIA

Declaration of Norman E, Garcia ISO Plaintiff's LCR 37 Submission
Case No.  3:23-cv-05007-RJB
Page - 17

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
90 Seventh St., Rm. 3-700
San Francisco, CA  94103
Telephone: (415) 625-7747