UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>                    Plaintiff,<br><br>     v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                    Defendant. | CASE NO. 3:23-cv-05007-RJB<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER RELIEF |

This matter comes before the Court on Plaintiff's LCR 37 Submission for Numerous Discovery Requests, which should be construed as a motion to compel, and for other relief.  Dkt. 12.  The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

In this case, the Acting Secretary of Labor for the United States Department of Labor ("Secretary") contends that the United States Postal Service ("USPS") violated the Occupational Safety and Health Act of 1970, U.S.C. § 660(c) (referred to as "Section 11(c)"), in connection with the firing of Samuel Sweezer, a probationary mail carrier who was injured on the job.  Dkt. 1.  The Secretary seeks lost wages, damages, reinstatement, and record expungement for Mr.

ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER RELIEF - 1

1  Sweezer. *Id.* at 4. She also seeks an order directing USPS to train certain of its employees in the
2  whistleblower protections of OSHA and an order requiring USPS at the East Vancouver,
3  Washington facility to post a notice that USPS will not discriminate against an employee because
4  of engagement in activities protected by Section 11(c). *Id.* Lastly, she claims "other and further
5  relief as may be necessary . . . including costs and attorneys' fees." *Id.*

6  The Secretary now moves for an order compelling the USPS to produce documents for
7  certain requests for production. Dkt. 12. She moves for an order deeming four requests for
8  admission admitted, judicially estopping the USPS from making inconsistent claims that it fails
9  to support with documents or information, and sanctioning the USPS through adverse inferences
10 for spoilation of documents. *Id.* The Secretary also seeks expenses for having to bring the
11 motion. *Id.* For the reasons provided below, the motion (Dkt. 12) should be granted, in part, and
12 denied, in part.

13                    **I.   FACTS AND PROCEDURAL HISTORY**

14     **A. FACTS**

15  According to Plaintiff's Complaint, Mr. Sweezer began working for USPS as a
16 probationary employee on October 2, 2020. Dkt. 1 at 1. Mr. Sweezer's probationary period was
17 set to end on January 1, 2021. *Id.* at 2.

18  The Complaint alleges that on November 29, 2020, Mr. Sweezer was injured on the job.
19 *Id.* Mr. Sweezer hit his head while entering his vehicle after delivering a parcel and felt dizzy
20 and nauseous. Dkt. 13-6 at 6. According to the Complaint, he reported the injury to the on-duty
21 supervisor Aleks Navarro, who drove Mr. Sweezer to the hospital. Dkt. 1 at 2. (Mr. Sweezer's
22 assigned supervisor was Mike Woodward. *Id.*) That same day, Acting Postmaster Trisha Adams
23 spoke with Mr. Navarro and another manager, Joanne Dunn, regarding Mr. Sweezer. *Id.* Acting
24

Postmaster Adams did not know Mr. Sweezer. *Id.* The next day, Acting Postmaster Adams terminated Mr. Sweezer's employment by letter that provided:

> This is your official notice that you will be separated from the Postal Service on close of Business 11/30/2020. While we had hoped for your success in your endeavor, you have failed to work in a safe manner. Safety is my upmost concern and the ability to work in a safe manner while completing your daily duties is essential. All employees are responsible for performing all duties in a safe manner and are expected to discharge their assigned duties conscientiously and effectively, you have failed to do so.

*Id.*

According to the Complaint, in the USPS's statement to the Occupational Safety and Health Administration ("OSHA"), it added an additional reason for firing Mr. Sweezer – the text message he sent to his assigned supervisor, Mr. Woodward, the day after he was injured. *Id.* at 3. In OSHA's interview with Acting Postmaster Adams, she pointed to two reasons for the termination of his employment: not working in a safe manner and his poor attitude related to when and how much he worked. *Id.*

The Complaint contends that probationary employees like Mr. Sweezer receive an explanation of the initial standards to be met within the first week of employment and receive three evaluations for these standards at 30 days, 60 days and 90 days using Postal Service Form 1750 ("Form 1750"). *Id.* at 3. It alleges that the USPS did not cover the initial standards with Mr. Sweezer, evaluate him, or much less document that it had done so. *Id.*

On April 3, 2023, the Secretary propounded interrogatories, requests for production and requests for admission to the USPS. Dkt. 13 at 6-7. USPS responded to the requests for admission on April 28, 2023 and to the remaining discovery on June 16, 2023. *Id.* at 7. The USPS supplemented its discovery responses in July and August 2023. *Id.* It is some of these responses or alleged failures to respond that are the subject of this motion.

The Secretary moves the Court for an order compelling the USPS to produce all e-mails and text messages related to Sweezer's employment. Dkt. 12. The Secretary further seeks an order compelling the USPS to produce information, including their addresses, for other probationary employees who worked at the East Vancouver facility. *Id.* She states that the USPS agreed to produce the information, but wants a protective order in place to do so. *Id.*

The Secretary moves for an order judicially estopping the USPS from making claims that Sweezer had performance issues before his firing based on the USPS's alleged inconsistent statements. *Id.* She also moves for an order deeming her Requests for Admission nos. 46-49 as admitted. *Id.* The Secretary moves for an award of expenses for having to bring this motion. *Id.*

Counsel for both parties met and conferred in accordance with Fed. R. Civ. P. ("Rule") 37(a)(1) and Local Rule for Western District of Washington ("Local Rule") 37(a)(1) regarding the issues raised here and were unable to come to a resolution. This motion followed.

## II.   DISCUSSION

### A. STANDARD ON DISCOVERY GENERALLY AND ON A MOTION TO COMPEL

Rule 26(b)(1) provides: "[U]nless otherwise limited by court order, the scope of discovery is as follows:  parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ."  "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)).

ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER RELIEF - 4

Rule 37(a)(3)(B), provides in relevant part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iv) a party fails to produce documents . . . as required under Rule 34."

### B. MOTION TO COMPEL EMAILS AND TEXT MESSAGES

The Secretary moves the Court for an order compelling the USPS to produce documents in response to her Requests for Production no. 3, 5, 8, 12, 26, 35, 37, 44, and 52. Dkt. 12. Specifically, she moves for an order compelling all e-mails and text messages related to Sweezer's employment. *Id.* She explains that she produced several text messages between Sweezer and USPS supervisors in her initial disclosures and that USPS produced only one text message (the November 30, 2020 text message that Sweezer sent to his supervisor Woodward the day after the accident – a text message that the Plaintiff had already produced) and one email (a December 29, 2020 email Woodward sent to supervisor Dunn containing a copy of the November 30, 2020 text message from Sweezer to Dunn). Dkt. 13 at 7. After a discovery conference, the USPS agreed to do an additional email search, which it contended resulted in no additional emails. Dkt. 13 at 7-9. It did not do any electronic searches for text messages. *Id.*

The Secretary's motion to compel (Dkt. 12) should be granted as to the email and text messages relating to Sweezer's employment. While the USPS maintains that there may be no additional emails responsive to these requests for production (Dkt. 16), it has failed to demonstrate that it properly searched for them. The Plaintiff properly points out that the search was inadequate - it did not search Acting Postmaster Adams' emails (the supervisor who fired Sweezer), did not search for Sweezer's name, and only searched for "to" and "from" emails for supervisor Dunn (Dkt. 13 at 7-9). It made no effort to search Woodward's email (Sweezer's assigned supervisor's email) and it is unclear whether Navarro's email was searched. As to the

text messages, the USPS contends that it asked Adam, Dunn, and Navarro about relevant text messages and none exist. As was the case with the email searches, the USPS has failed to demonstrate that it adequately searched for responsive text messages. It did not search Woodward's text messages, Sweezer's assigned supervisor. The Secretary points out that Adam, Dunn, and Navarro did not submit affidavits or declarations and that counsel's assertions about whether text messages exist are hearsay.

The USPS also contends that, to the extent the Secretary seeks emails or text messages about Mr. Sweezer that Adams did not rely on in her decision to fire Mr. Sweezer, they are not relevant or proportional to the needs of the case. Dkt. 16. The Secretary has shown that additional emails or texts, if they exist, could be both relevant and proportional to the needs of the case. She points out that they could show that USPS's reasons for firing Sweezer were pretextual, were contrary to USPS's policies, or made in error. While the USPS repeatedly states that Adams did not rely on any documents in making her decision to fire Sweezer, she does acknowledge that she talked with other supervisors. Their emails and text messages about Sweezer may well be relevant. Further, there is no showing that the effort to find them would not be proportional to the needs of the case. Sweezer was only employed for two months – searching USPS's Washington District or the East Vancouver facility's supervisors, managers, and employees' e-mails and text messages for that brief period is a minor inconvenience considering their potential importance to the case.

The Secretary's motion to compel all email and text messages in response to her Requests for Production no. 3, 5, 8, 12, 26, 35, 37, 44, and 52 (Dkt. 12) should be granted. This includes all emails and text messages the Secretary produced.

The Secretary's motion for the Court to impose a negative inference that the USPS terminated Sweezer for reporting his injury if the USPS fails to produce these documents or if the documents were deleted (Dkt. 12) should be denied without prejudice.  This motion is premature.  It is not clear that the USPS will fail to produce these documents or that it deleted these documents.

### C.  COMPARATORS' CONTACT INFORMATION

In her Request for Production no. 11, the Secretary requested the contact information for non-management probationary employees at the East Vancouver facility for January 1, 2017 to December 31, 2020.  Dkt. 13-13 at 11.  The USPS maintains that it is willing to produce the information but that it is subject to the Privacy Act of 1974, 5 U.S.C. § 552a, and contends that a protective order is appropriate before it discloses the information.  Dkt. 16.  The Court will consider the USPS's arguments as a motion for a protective order protecting the comparators' home addresses from public disclosure.

The Secretary's motion to compel a complete response to Request for Production no. 11 (Dkt. 12) should be granted.  The Privacy Act of 1974 protects certain agency records kept on federal employees, § 552a(a)(2)-(4).  Assuming, without finding that home addresses are protected, disclosure is permitted under the statute "[p]ursuant to the order of a court." § 552a(b)(11).  The Court so orders here.  That disclosure should be protected from public disclosure, however.

The USPS's motion for a protective order protecting the comparators' home addresses from public disclosure (Dkt. 16) should be granted.  The Secretary's arguments regarding waiver are not well taken.  The USPS has an obligation to protect the information subject to the Act - its

failure to properly assert its obligations and its inadvertent disclosure notwithstanding.  The parties should work together to resolve this issue without Court intervention.

### D. FORM 1750s FOR OTHER PROBATIONARY EMPLOYEES AND DOCUMENTS REGARDING THE TRACKING SYSTEM

The Secretary's Request for Production no. 19 seeks all Form 1750s for probationary employees who worked in the East Vancouver facility from January 1, 2016 to December 31, 2022.  Dkts. 13-13 at 13 and 13-18 at 2 (agreeing to limit the request to the East Vancouver facility).  She also seeks communications within the Washington District concerning this form, including a tracking system for the form, in Request for Production no. 15.  Dkt. 13-13 at 12.  The Secretary moves for disclosure of all remaining Form 1750s not yet disclosed and documents related to a Form 1750 tracking system instituted by the Washington District.  Dkt. 12.

The Secretary's motion (Dkt. 12) regarding the Form 1750s for probationary employees and for the documents related to the tracking system should be granted.  It is not clear whether all Form 1750s have been turned over.  To the extent they have not been, the USPS should do so.  While USPS argues that the tracking system was instituted in 2021, after Sweezer was fired and so any documents related to it are not relevant, the Secretary points out that it is unclear whether it was instituted in October 2020 – the beginning of the government's 2021 year.  In any event, while the documents related to the tracking system appear to be of limited relevance, at this point, the Secretary has made a sufficient showing to justify the order compelling their discovery.

### E. JUDICIAL ESTOPPLE AND REQUESTS FOR ADMISSION TO BE DEEMED ADMITTED

The Secretary moves for an order judicially estopping the USPS from making claims that Sweezer had performance issues before his firing based on the USPS's alleged inconsistent statements.  Dkt. 12.  She also moves for an order that Requests for Admission no. 46-49 be deemed admitted.  *Id.*  The USPS agrees that Request for Admission no. 48 should be revised to be admitted.  Dkt. 16.  It opposes the motion in all other respects.

The Secretary's motion for judicial estoppel (Dkt. 12) should be denied without prejudice.  Although the circumstances under which judicial estoppel may be imposed "are probably not reducible to any general formulation of principle," several factors help inform the decision.  *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)(*internal citations and quotation marks omitted*).  First, "a party's later position must be 'clearly inconsistent' with its earlier position."  *Id.*  Second, "courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled."  *Id.*  Third, courts consider whether the "party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Id.* at 751.

First, it is not yet clear that the USPS's positions are "clearly inconsistent."  Second, the USPS has not persuaded this Court or any other court to accept its positions.  Third, there is no showing that the USPS would "derive an unfair advantage or impose an unfair detriment" on the Secretary if not estopped.  If anything, the various positions taken by the USPS's employees raise credibility issues for it.

The Secretary's motion for an order that Requests for Admission no. 46, 47 and 49 be deemed admitted (Dkt. 12) should be denied. While the showing is rather thin, the USPS has justified its responses.

### F. EXPENSES FOR MOTION

Pursuant to Rule 37(a)(5)(A), if a motion to compel is granted the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, incurred in making the motion unless "other circumstances make an award of expenses unjust."

The Secretary's motion for expenses (Dkt. 12) for having to bring this motion should be denied. Particularly as it relates to the contact information for other employees and the possible evidence surrounding the tracking system, the USPS had reasonable grounds to resist immediate production of the evidence. Accordingly, an award of expenses would be unjust.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

(1) The Plaintiff's LCR 37 Submission for Numerous Discovery Requests, construed as a motion to compel and for other relief, (Dkt. 12) **IS**:

- **GRANTED** as to:
    - All email and text messages in response to the Secretary's Requests for Production no. 3, 5, 8, 12, 26, 35, 37, 44, and 52;
    - A complete response to the Secretary's Request for Production no. 11 for the comparators' home addresses;
    - The documents responsive to the Secretary's Request for Production nos. 19 and 15: all Form 1750s for probationary employees who worked in the

East Vancouver facility from January 1, 2016 to December 31, 2022 not yet disclosed and documents related to a Form 1750 tracking system instituted by the Washington District;

- **DENIED WITHOUT PREJUDICE** as to**:**
    - The motion for the Court to impose a negative inference that the USPS terminated Sweezer for reporting his injury if the USPS fails to produce emails and text messages relating to Sweezer's employment or if the documents were deleted;
    - The motion for judicial estoppel;
- **DENIED** as to:
    - the motion to deem Requests for Admission no. 46, 47 and 49 as admitted; and
    - the motion for payment of expenses.

(2) The USPS's motion for a protective order protecting the comparators' home addresses from public disclosure (Dkt. 16) **IS GRANTED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 27th day of September, 2023.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO COMPEL AND FOR OTHER RELIEF - 11