1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| JULIE A SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | CASE NO. 2:22-cv-01176-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE |
| JULIE A SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | CASE NO. 3:22-cv-6002-RJB |
| JULIE A SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | CASE NO. 3:23-cv-5007-RJB |

ORDER - 1

1   This matter comes before the Court on the Plaintiff's Motion to Consolidate for Limited

2   Purposes Including for Injunctive Relief.  Dkt. 14.  The Court has considered the pleadings filed

3   regarding the motion and the remaining file.  Oral argument has been requested but is

4   unnecessary to decide the motion.

5   These are three cases the Plaintiff, Julie A. Su Acting Secretary of Labor, United States

6   Department of Labor ("Secretary")[1], has filed in U.S. District Court for the Western District of

7   Washington alleging that the Defendant United States Postal Service ("USPS") violated the

8   Occupational Safety and Health Act of 1970, U.S.C. § 660(c) (referred to as "Section 11(c)"), in

9   connection with the firing of probationary employees who were injured on the job.  *SU v. USPS*,

10  U.S. District Court for the Western District of Washington case number 22-1176 RJB; *SU v.*

11  *USPS*, U.S. District Court for the Western District of Washington case number 22-6002 RJB; *SU*

12  *v. USPS*, U.S. District Court for the Western District of Washington case number 23-5007 RJB.[2]

13  For the reasons provided below, the Secretary's motion to consolidate the other open cases (22-

14  6002 and 23-5007) with this case (22-1176), for limited purposes, (Dkt. 14) should be denied.

15                          **I.      FACTS**

16  **A.  USPS EMPLOYEE MAURICE MITCHELL – CASE 22-1176 RJB**

17  On August 23, 2022, the Secretary filed this case alleging that the USPS violated Section

18  11(c) when it fired Maurice Mitchell, a probationary mail carrier who was injured on the job

19  while working at a Seattle, Washington facility.  Dkt. 1.  The Secretary seeks lost wages, lost

20

21  [1] Acting Secretary Su's predecessor was Acting Secretary Martin J. Walsh.  Pursuant to Fed. R. Civ. P. 25(d) (automatic substitution of public officers), she has been automatically substituted for him in this case.

22  [2] On March 24, 2022, the Secretary filed a similar case on behalf of USPS probationary employee Kimberly Heath who was also fired after suffering an on the job injury.  *Su v. USPS,* U.S. District Court for the Western District of

23  Washington case number 22-5180 RJB; Dkt. 1.  After the Secretary' summary judgment was granted, in part (Dkt. 15), the parties voluntarily entered into a consent decree (Dkt. 19), judgment was entered (Dkt. 20), and the case was closed (Dkt. 25).  This case (22-5180 RJB) is not a part of the instant motion to consolidate.

24

ORDER - 2

1  benefits, damages, reinstatement, and record expungement for Mr. Mitchell. *Id.* at 3. She also

2  seeks an order directing USPS to train certain of its employees in the whistleblower protections

3  of Section 11(c) and an order requiring USPS to post a notice that USPS will not discriminate

4  against an employee because of engagement in activities protected by Section 11(c). *Id.* Lastly,

5  she claims "other and further relief as may be necessary . . . including costs and attorneys'

6  fees." *Id.*

7       The discovery deadline in Mr. Mitchell's case is November 13, 2023; the dispositive

8  motions deadline is December 11, 2024; and trial is set to begin on June 3, 2024. Dkt. 13.

9       **B.  USPS EMPLOYEE CHRISTOPHER JIMENEZ – CASE 22-6002 RJB**

10       On December 23, 2022, the Secretary filed a Complaint against the USPS, alleging that

11  the USPS violated Section 11(c) when it terminated probationary employee Christopher

12  Jimenez's employment after he reported an injury at USPS's University Place Branch in

13  Tacoma, Washington. *SU v. USPS*, U.S. District Court for the Western District of Washington

14  case number 22-6002 RJB; Dkt. 1. The Secretary seeks the same relief for Mr. Jimenez as she

15  does for Mr. Mitchell. *SU v. USPS*, U.S. District Court for the Western District of Washington

16  case number 23-6002 RJB; Dkt. 1.

17       The discovery deadline in Mr. Jimenez's case is March 18, 2024; the dispositive motions

18  deadline is April 16, 2024; and trial is set to begin on July 15, 2024. *SU v. USPS*, U.S. District

19  Court for the Western District of Washington case number 22-6002 RJB; Dkt. 11.

20       **C.  USPS EMPLOYEE SAMUEL SWEEZER  - CASE 23-5007 RJB**

21       The Secretary filed *SU v. USPS*, Western District of Washington case number 23-5007

22  RJB on January 4, 2023 asserting that Samuel Sweezer, a probationary employee at a USPS East

23  Vancouver, Washington facility, was fired contrary to Section 11(c) after being injured on the

24

ORDER - 3

1    job.  The Secretary seeks the same relief for Mr. Sweezer as she did for Mr. Mitchell and for Mr.

2    Jimenez. *SU v. USPS*, U.S. District Court for the Western District of Washington case number

3    23-5007 RJB; Dkt. 1.

4           The discovery deadline in Mr. Sweezer's case is January 16, 2024; the dispositive

5    motions deadline is February 13, 2024; and trial is set to begin on May 13, 2024.  *SU v. USPS*,

6    U.S. District Court for the Western District of Washington case number 23-5007 RJB; Dkt. 13.

7           **D.  PENDING MOTION**

8           The Secretary now moves for a limited consolidation of this case, brought on behalf of

9    Mr. Mitchell 22-1176 RJB, with Mr. Jimenez's case, 22-6002 RJB, and Mr. Sweezer's case, 23-

10   5007 RJB.  Dkt. 14.  She moves for consolidation for:  (1) consideration of dispositive motions,

11   if any, (2) trial on liability only; and (3) consideration of the propriety and scope of injunctive

12   relief, if any.  *Id.*  The Secretary asserts that there are common questions of law and fact in these

13   cases and that other considerations favor consolidation.  *Id.*  USPS opposes the motion.  Dkt. 15.

14   The Secretary has filed a reply (Dkt. 16) and the motion is ripe for consideration.

15                          **II.      <u>DISCUSSION</u>**

16          Pursuant to Fed. R. Civ. P. 42(a), "[i]f actions before the court involve a common

17   question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in

18   the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or

19   delay."  District courts have substantial discretion in determining whether and to what extent to

20   consolidate cases.  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).  In deciding whether the cases

21   should be consolidated, the court "weighs the interest of judicial convenience against the

22   potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v.*

23   *Triple A Mach. Shop, Inc*., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

24

ORDER - 4

1    The Secretary has failed to identify sufficient common questions of law and fact to

2  warrant consolidation of the cases to determine liability (either by motion or at trial) and whether

3  injunctive relief is proper.  Each of the cases involve a different probationary employee, different

4  managers, different circumstances, and different locations.  The USPS offers various grounds for

5  each firing.  Whether the USPS violated Section 11(c) is a key issue in each case.  It is not clear

6  that duplicative evidence will be necessary.  Individual issues predominate in the cases and so

7  consolidation is not appropriate.  *See Tumbling v. Merced Irrigation Dist.* 2012 WL 1340546

8  (E.D. Cal. 2010)(denying motion to consolidate even though there were common questions of

9  law or fact because the individual facts surrounding the plaintiffs' claims varied widely and

10  dominated the cases).  While the Secretary maintains that the USPS is not properly training

11  managers or educating employees regarding Section 11(c) and so injunctive relief may be

12  appropriate in each case, that is not yet clear.  Decisions on liability will control whether

13  injunctive relief should be considered for a judicial decision.

14    If there are joint motions that should be jointly considered before trial, they can be jointly

15  raised by filing identical moving documents in each of the three pending cases.

16    Consolidation of the cases is not necessarily judicially convenient.  Further, it would

17  cause delay in some of the cases.  Consolidation would require adjustment of some of the case

18  schedules.  The cases are in different stages of discovery.  These matters are set for three

19  different trials.  Consolidation is inappropriate.  The motion (Dkt. 14) should be denied.

20    A copy of this order should be filed in *SU v. USPS*, U.S. District Court for the Western

21  District of Washington case number 22-6002 RJB; *SU v. USPS*, U.S. District Court for the

22  Western District of Washington case number 23-5007 RJB.

23

24

ORDER - 5

### III.    ORDER

It is **ORDERED** that:

- The Plaintiff's Motion to Consolidate for Limited Purposes Including for Injunctive Relief (Dkt. 14) **IS DENIED;** and

- A copy of this order **SHALL BE FILED** in *SU v. USPS*, U.S. District Court for the Western District of Washington case number 22-6002 RJB and *SU v. USPS*, U.S. District Court for the Western District of Washington case number 23-5007 RJB.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of October, 2023.

ROBERT J. BRYAN
United States District Judge

ORDER - 6