1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

                    Plaintiff,

          v.

UNITED STATES POSTAL SERVICE,

                    Defendant.

CASE NO. 3:23-cv-05007-RJB

ORDER AWARDING
ATTORNEYS' FEES AND COSTS

        This matter comes before the Court on the Plaintiff Acting Secretary of the U.S. Dept. of

Labor Julie A. Su's ("Secretary") "Application for Attorneys' Fees and Costs Pursuant to the

Court's Order at Dkt. 33." Dkt. 34. The Court has considered the pleadings filed regarding the

application and remaining record.

        On January 2, 2024, the undersigned granted, in part, and denied, in part, the Secretary's

motion for spoilation of evidence and failure to comply with this Court's September 27, 2023

order (Dkt 27). Dkt. 33. That January 2, 2024 order further held that the Secretary's motion for

an award of expenses pursuant to Fed. R. Civ. P. 37(a)(5)(A)[1] was granted, to the extent permitted by law. *Id.* The Secretary did not ask for any particular amount in her motion so she was ordered to file a short brief with the requested amount and the Defendant United States Post Office ("USPS") was given an opportunity to respond. *Id.* The Secretary was given an opportunity to file a reply. *Id.*

The Secretary has now filed her opening and reply briefs. Dkts. 34 and 38. She requests a total of $37,222.68 in attorneys' fees and costs she alleges she incurred in litigating her motion (Dkt. 27.) *Id.* She asks for an attorneys' fee award of $36,300 representing 66 hours at $550 an hour for Senior Trial Attorney Norman Garcia. *Id.* She also seeks $922.68 for the expedited portion of a deposition transcript. *Id.*

The USPS responded and argues that the full amount requested should not be awarded because the hourly rate sought is too high and the number of hours the Secretary claims were required to do the work was unreasonable. Dkt. 37. It further contends that the $922.68 in expedited deposition costs was unnecessary. *Id.* The USPS asks the Court to reduce the hourly rate to $350 per hour and reduce the number of hours to 59.75. *Id.* It also requests that the total amount requested be reduced by 10% for a total award of $18,821.00. *Id.*

## **DISCUSSION**

### A. STANDARD

---

[1] Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted the court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, incurred in making the motion unless "other circumstances make an award of expenses unjust."

A reasonable attorney's fee is first determined by the lodestar method, which "multiplies an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1020 (9th Cir. 2022).  Second, "the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016).  Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc*., 526 F.2d 67, 69–70 (9th Cir. 1975)(*abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)).  These factors are consistent with Washington Rule of Professional Conduct 1.5.

## B. STEP 1: LODESTAR METHOD: REASONABLE HOURLY RATE BY REASONABLE HOURS SPENT

### 1. Reasonableness of the Hourly Rate

"The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community." *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019).  In making its calculation, the court should consider the experience, skill, and reputation of the attorneys requesting fees.  *Schwarz v. Sec'y of Health & Human Serv.,* 73 F.3d 895, 906 (9th Cir. 1995).  "It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts* at 1024.  The court is further allowed to rely on its own

knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjiam,* 647 F.3d 955, 928 (9th Cir. 2011).

To meet her obligation, the Secretary submits the declarations of Dept. of Labor Deputy Regional Solicitor Daniel Chasek (Dkt. 36) and Norman Garcia, who is representing the Secretary in this case (Dkt. 35). Mr. Chasek states that Mr. Garcia is the second most senior trial attorney in Region IX, which is responsible for enforcing labor laws in 10 states and U.S. territories. Dkt. 36. Mr. Chasek contends that Mr. Garcia's "experience and expertise is that of a senior litigation partner in a law firm." *Id.* at 2. Mr. Garcia, a Senior Trial Attorney at the Dept. of Labor with 21 years of litigation experience, states that he has litigated hundreds of cases involving various federal laws in several states. Dkt. 35.

The Secretary's request of $550 per hour is a reasonable hourly rate for Mr. Garcia considering his experience and skill. *See Rapp v. NaphCare Inc.,* 2023 WL 6845524 (W.D. Wash. October 17, 2023)(finding that hourly rate of $550 per hour is a reasonable rate for a law firm partner); *Nwauzor v. GEO Grp., Inc*., 2021 WL 5907797, at *2 (W.D. Wash. Dec. 14, 2021)(finding that $625-$500 per hour are reasonable rates for senior trial attorneys). The rate claimed by the Secretary is within the range of what is reasonable in the Western District of Washington at Tacoma.

2. Reasonableness of Hours Claimed

"Ultimately, a reasonable number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, at 1202 (9th Cir. 2013). Records for hours that are "excessive, redundant, or otherwise unnecessary" are not reasonable and should be excluded. *Id.* at 1203. The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit

evidence in support of those hours worked.  *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995).  The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.  *Id*.

The hours claimed by the Secretary (66) are reasonable.  In light of the circumstances here, the time "could have reasonably been billed to a private client."  *Gonzalez* at 1202.  The Secretary provides a detailed chart of the hours Mr. Gonzalez spent on the motion.  Dkts. 34 at 7-9; 35.  She has met her burden.  *Gates* at 535-34.  Further, the Secretary states that she has already reduced her request by 15%.  Dkt. 34.

The USPS's objections to the hours claimed are not supported by evidence "challenging the accuracy and reasonableness of the hours charged or the facts asserted."  *Gates* at 535.  Accordingly, it did not carry its burden.  The USPS contends that Mr. Garcia's research into *Perez v. United States Post Office,* 2014 WL 10726125 (W.D. Wash. July 30, 2014) and other like cases was unnecessary to the Secretary's work on the spoilation motion in this case.  Dkt. 37.  Yet, in *Perez,* the USPS was sanctioned for spoilation under circumstances similar to this case.  This time was reasonably spent.  The USPS argues that the charges for various consultations with other Dept. of Labor lawyers should not be recoverable.  Dkt. 37.  However, "the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort."  *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n. 9 (9th Cir. 1989).  The Secretary did not request fees for the other lawyers.  This time was reasonably claimed.  Further, the USPS fails to demonstrate that it is entitled to a reduction in hours claims for work the Secretary's lawyer did regarding the email search.  Contrary to the USPS's assertions, the Secretary points

1    out that the USPS did not produce (at least some of) the disputed emails until January 19, 2024.

2    Dkt. 38.

3            3.   Conclusion on the Lodestar Method

4            Based on the lodestar method, the Secretary is entitled to an award of attorneys' fees as

5    follows:  (the reasonable hourly rate) $550 x 66 (the reasonable hours claimed) = $36,300.

6    **C.  STEP 2: THE ADDITIONAL *KERR* FACTORS**

7         In determining whether an upward or downward departure from the lodestar amount is

8    appropriate, each of the *Kerr* factors will be addressed below.

9            1.   The Time and Labor Required.  The Court has commented on the time and labor

10   required in determining reasonable hours.

11           2.   Novelty and Difficulty of Questions.  The questions in the motion were not

12   particularly difficult.  The law is not complex.  These factors do not favor a reduction or addition

13   to the lodestar amount.

14           3.   Requisite Skill and Preclusion of Other Employment.  The motion did not require

15   exceptional skill to perform the legal service properly, and the lawyer did not show that it

16   precluded other employment by this attorney more than any other case would.  The skill required

17   is recognized in the hourly rate allowed.

18           4.   Customary Fee, Whether the Fee is Fixed or Contingent, Time Limits.  The

19   customary fee for discovery violations is basically the lodestar amount.  Enhancements are not

20   customary.  The fixed nature of the fees is considered in the hourly rates allowed.  There is no

21   evidence that any unusual time limits were placed on counsel, either by the client or by the

22   circumstances.

23

24

5. <u>Amount Involved and Results Obtained</u>.  The amount involved and the results obtained do not warrant an adjustment in the lodestar amount.

6. <u>Experience, Reputation and Ability of Attorneys, Undesirability of Case and Relationship with Client</u>.  The consideration of the experience, reputation and ability of this attorney is addressed above in the lodestar calculation and no further consideration is required.  The desirability or undesirability of the case does not provide a basis to increase or reduce fees here, nor does the nature and length of the professional relationship with the client favor an enhancement or reduction of the lodestar.

7. <u>Awards in Similar Cases</u>.  No evidence has been submitted of awards of this nature for discovery violations, and so no departure from the lodestar calculation is warranted.

8. <u>Conclusion</u>.  The *Kerr* factors do not warrant an upward or downward adjustment to the lodestar calculation.

**D.  COSTS**

The Secretary also claims $922.68 to cover the expedited charge for a deposition offered in support of her reply (Dkt. 31) to the USPS's response (Dkt. 30) to the Secretary's motion for spoilation (Dkt. 27).  Dkt. 34.  This claim is supported by a bill (Dkt. 35-1 at 2) which shows that the total charge for the deposition transcript was for $2,789.03 and that only $922.68 was the expedited fee.

This cost should be awarded to the Secretary.  She has established that the deposition was necessary.  The deposition took place on December 5, 2023 (Dkt. 32-1 at 3-20) and the Secretary's reply brief was filed on December 15, 2023 (Dkt. 31).  The Secretary should be awarded the costs for expediting the transcript.

1

## <u>ORDER</u>

2    It is **ORDERED** that:

3    - The Secretary **IS AWARDED** $36,300.00 in attorneys' fees and $922.68 in costs

4      for a total of **$37,222.68** pursuant to the January 2, 2024 Order on Plaintiff's

5      Sanction Motion (Dkt. 33).

6    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

7    to any party appearing *pro se* at said party's last known address.

8    Dated this 25th day of January, 2024.

9

10

11   ROBERT J. BRYAN
     United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER AWARDING ATTORNEYS' FEES AND COSTS - 8