1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                              Defendant. | Case No. 3:22−cv−01176−RJB<br>(Mitchell)<br><br>**CONSENT JUDGMENT AND<br>PERMANENT INJUNCTION** |
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                              Defendant. | Case No. 3:22−cv−06002−RJB<br>(Jimenez) |
| JULIE A. SU,<br>    Acting Secretary of Labor,<br>    United States Department of Labor,<br><br>                              Plaintiff,<br>        v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                              Defendant. | Case No. 3:23−cv−05007−RJB<br>(Sweezer) |

Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor ("Acting

Secretary"); and Defendant United States Postal Service ("USPS" or "Defendant") agree to

resolve the matters in controversy in the above-captioned civil actions and agree to the entry of

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                                              Page 1

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

this Proposed Consent Judgment and Permanent Injunction ("Consent Judgment" or "Order") as provided below.

## STATEMENT AND AGREEMENTS BY THE PARTIES

1.      The Acting Secretary filed complaints in the above-captioned three civil actions pursuant to Section 11(c), 29 U.S.C. § 660(c)(1), of the Occupational Safety and Health Act ("the Act") based on the Occupational Safety and Health Administration ("OSHA") findings that the USPS violated the Act when it terminated the complainant probationary employees ("Complainants") because they reported a work-related injury and, in some cases, delayed the processing of workers' compensation paperwork resulting in untimely payments.  In bringing these actions, the Acting Secretary represents the interests of Complainants Maurice Mitchell, Christopher Jimenez, and Samuel Sweezer.

2.      In these cases, the Acting Secretary sought back pay, front pay, consequential damages, and/or emotional distress damages suffered by each Complainant.

3.      Defendant admits that the Court had jurisdiction over it and the subject matter of this action.

4.      Defendant admits it has a policy and form (PS Form 1750) that requires it to place probationary employees on standards and then evaluate such employees against those standards at 30, 60 and 80 days of their probationary periods.

5.      The parties consent to the entry of this Consent Judgment without further trial or adjudication.

6.      This Consent Judgment is entered without restricting the Acting Secretary's right to investigate and redress matters within her jurisdiction under the Act not arising out of or relating to the transactions and occurrences alleged in her Section 11(c) complaints for the above cases, including the Acting Secretary's right to institute further enforcement actions with respect to any other such matter.

## PERMANENT INJUNCTION

7.      Defendant, its officers, agents, servants, employees and those persons in active

1  concert or participation with it are enjoined as provided in Paragraphs 8 through 12 in the

2  following Manager of Post Office Operations ("MPOO") Areas in Defendant's Washington

3  District: MPOO Area C for the Vancouver area that has five postal facilities;[1] MPOO Area S for

4  the Seattle area that has 40 postal facilities;[2] and MPOO Area T for the Tacoma area that has 14

5  postal facilities.[3]  If Defendant's MPOO Areas change, this injunction shall apply to at least the

6  postal facilities existing in the MPOO Area as of the date of the Order and any additional

7  facilities included in the MPOO Area (or other organizational subdivision) in which the Tacoma-

8  University Place, Seattle-Riverton Heights, and East Vancouver DCU postal facilities exist.

9       8.     Defendant, its officers, agents, servants, employees and those persons in active

10  concert or participation with it are permanently restrained from violating the provisions of

11

---

[1]    Cascade Park Post Office - Finance Station; Downtown Vancouver Post Office - Finance Station; East Vancouver DCU Post Office - Carrier Annex; Orchards Post Office - Station and Vancouver Post Office - Main Post Office.

[2]    Bainbridge Is. Post Office - Station, Ballard Post Office - Finance Station, Ballard Carrier Annex, Bitter Lake Post Office - Station, Broadway Post Office - Finance Station, Burien Post Office - Finance Station, Columbia Post Office - Finance Station, Columbia Carrier Annex, Columbia New Post Office - Finance Station, Des Moines Post Office - Station, East Union Post Office - Finance Station, Federal Post Office - Finance Station, Georgetown Post Office - Station, Greenwood Post Office - Finance Station, Interbay Carrier Annex, International Post Office - Finance Station, Lake City Post Office - Station, Magnolia Post Office - Finance Station, Midtown Post Office - Station, North City Post Office - Finance Station, North City Carrier Annex, Northgate Post Office - Finance Station, Pioneer Square Post Office - Finance Station, Queen Anne Post Office - Finance Station, Riverton Heights Post Office - Station, Seattle Post Office - Main Post Office, Seattle Business Mail Entry Other Customer Service - Business Service Network, Seattle Carrier Annex, Seattle CFS Other Customer Service - Computerized Forwarding System, Skyway Post Office - Station, Smith Kline Non-Postal Facility - Plant Load Major Mailer, Terminal Post Office - Station, Terminal Operations Administrative Office - Post Office Administrative Office, Tukwila Post Office - Finance Station, University Post Office - Station, Wallingford Post Office - Station, Wedgwood Post Office - Station, West Seattle Post Office - Station, Westwood Post Office - Station.

[3]    Downtown Tacoma Post Office Station, Evergreen Post Office - Finance Station, Fife Carrier Annex, Fort Lewis Post Office - Branch, Lakewood Post Office - Branch, Lincoln Post Office - Station, Madigan Hospital Post Office - Finance Branch, Martin Luther King Jr Post Office - Finance Station, McChord AFB Post Office - Branch, Parkland Post Office - Branch, Proctor Post Office - Station, South Tacoma Post Office - Finance Station, TCCF Carrier Annex and University Place Post Office - Branch.

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                        Page 3                                    

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

Section 11(c) of the Act (29 U.S.C. § 660(c)) through, in any manner, discriminating against any employee, such as by terminating a probationary employee for offenses that typically do not warrant termination of a probationary employee or manufacturing non-factually supported reasons to justify the termination, because said employee filed any complaint or instituted or caused to be instituted any proceeding under or related to the Act or testified or is about to testify in any such proceeding or because of said employee's exercise of any right afforded by the Act on behalf of themselves or others, including because the employee reported a work-related injury, or sought compensation for a work-related injury.

9.      Furthermore, Defendant shall:

a.      Give probationary employees who report work-related injuries equal opportunity to pass probation; this includes but is not limited to evaluating probationary employees  based on their medical restrictions, providing feedback and their performance evaluations as required in its PS Form 1750, and/or extending their probationary periods as warranted.

b.      Provide probationary employees who report a workplace injury with the necessary information to file a worker's compensation claim during their orientation to the Postal Service.

c.      Conduct a review by a District Human Relations ("HR") or Labor Relations ("LR") officer of any proposed termination of a probationary employee who reported a workplace injury.  Such officer must have received training(s) on the requirements of this Consent Judgment and the requirements of Section 11(c) of the OSH Act as enumerated in Paragraphs 11(f)-(g) of this Consent Judgment.  The review shall at least include a review of the PS Form 1750 completed for the probationary employee. The results of the review required hereunder must be communicated to the management official proposing the termination, who must take appropriate action based on the HR/LR officer's review.

d.      Follow its own written policies regarding fair treatment and evaluation of

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                                    Page 4

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

probationary employees, including injured probationary employees, and probationary employees who exercise their rights under Section 11(c).

10.     Defendant shall comply with the following notice and training requirements:

a.      Defendant shall provide the Notice of Rights informing probationary employees of their rights to report work-related injuries and related medical restrictions free of retaliation, including unfair evaluations and termination, attached herein as **Appendix A** as follows: within ten (10) calendar days of the entry of this Order for all probationary employees employed by Defendant as of the entry date of this Order; and within ten (10) calendar days of Defendant employing a new employee (e.g., new hire or transfer) to the postal facilities specified in Paragraph 7, if the new employee is employed in these postal facilities between the entry date of this Order and December 31, 2026.

b.      Defendant shall provide a copy of this Consent Judgment as follows: within ten (10) calendar days of the entry of this Order for all probationary employees employed by Defendants as of the entry date of this Order; and within ten (10) calendar days of Defendant employing a new probationary employee to the postal facilities specific in Paragraph 7, if the new employee is employed in these postal facilities between the entry date of this Order and December 31, 2026.

c.      Within ten (10) calendar days of entry of this Order, Defendant shall post a copy of this Consent Judgment in all postal facility locations that are accessible to non-supervisory employees (e.g., break room or locker room) for a period of six (6) months.

d.      Within ten (10) calendar days of the entry of this Order, Defendant must send an e-mail to all of its Postmasters, managers, and supervisors ("management officials") within MPOO Areas C, S and T, the body of which is attached as **Appendix B** notifying them of this Consent Judgment and the rights and responsibilities under Section 11(c) of OSH Act.  This email message shall contain the subject line: "Notice of USPS Consent Judgment & Rights and Responsibilities for Section 11c Whistleblowers."  This e-mail shall emphasize the importance of adhering to the requirements of this Consent

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                                         Page 5

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

Judgment and OSHA whistleblower laws, including the prohibition against terminating, discriminating, or retaliating against employees for reporting work-related injuries at any time to include during their probationary period.  USPS shall attach the following documents to this email: this Consent Judgement, PS Form 1767 (Report of Hazard, Unsafe Condition or Practice) (**Appendix C**); and an OSHA Fact Sheet for Whistleblower Complaints Under Section 11(c) (**Appendix D**).

  e. The email notification in the preceding paragraph shall also be sent to all management officials on an annual basis in September 2025 and September 2026. Defendant will copy OSHA on all of these email notifications at the following e-mail addresses: OSHA-REG09-WB@DOL.gov and Eldridge.Megan@dol.gov.  To the extent that Defendant sends more than one e-mail because the list of names is too large to include in one e-mail, Defendant will copy OSHA at the e-mails listed above for each set of e-mails it sends.

  f. Within one-hundred and twenty (120) calendar days of entry of this Order and annually thereafter to December 31, 2026, Defendant shall provide training to all management officials and the District Manager about each of the legal requirements contained within this Consent Judgment, including training about Defendant's policies specified in Paragraph 9 above, including, but not limited to, conducting performance evaluations, conducting performance evaluations that consider medical restrictions to the extent they exist, processing workers' compensation claims timely, etc.  Additionally, Defendant shall provide this training to all Labor Relations Specialists, Human Resource Managers and other persons who advise these management officials regarding their duties pursuant to this Consent Judgment even if they have taken it within the last year.

  g. Within one-hundred and twenty (120) calendar days of the entry of this Order and annually thereafter to December 31, 2026, Defendant must provide its "OSHA Whistleblower Protection" training to all management officials and the District Manager who are either currently working within the MPOO Areas specified in Paragraph 7 or

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No. Page 6

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

who is the District Manager for them even if they have taken it within the last year.
Additionally, Defendant shall provide this training to all Labor Relations Specialists,
Human Resource Managers and other persons who advise these management officials
regarding their Section 11(c) duties again even if they have taken it within the last year.

h. By November 30, 2024, and annually thereafter to December 31, 2026,
Defendant will confirm to OSHA that it covered the required training in the preceding
paragraph for its employees holding the positions named therein. Upon OSHA's request,
Defendant shall produce within thirty (30) days to OSHA data identifying the training
participants' full name, job title, postal facility where this employee is employed, date
they took the training, and the title of the training for the postal facilities identified by
OSHA. Defendant will send the training roster to OSHA-REG09-WB@dol.gov and
Eldridge.Megan@dol.gov (Regional Supervisory Investigator, OSHA Whistleblower
Protection Programs) using e-mail.

i. Within ten (10) calendar days of entry of this Order, Defendant shall post
for six (6) months or as long as required by law, its PS Form 1767 (Report of Hazard,
Unsafe Condition or Practice) (**Appendix C**); an OSHA Fact Sheet for Whistleblower
Complaints Under Section 11(c) (**Appendix D**), and OSHA Form 300A (Summary of
Work Related Injuries and Illnesses) (**Appendix E**), in the same location it posts the
Notice of Rights to employees (**Appendix A**).

11. Defendant is enjoined as follows, regarding the rights of the Section 11(c)
Complainants: Christopher Jimenez, Maurice Mitchell, and Samuel Sweezer:

a. Defendant must expunge any adverse references from Complainants'
personnel records (informal and eOPF). For each Complainant who is not reinstated to
employment with Defendant, Defendant shall provide each of them clean employment
records that indicate they separated from the USPS for personal reasons, an affirmative
notation in their employment records that they are eligible for rehire and will ensure that
this provision is enforced throughout all computerized data systems and other locations

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                                  Page 7

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

1    where Defendant maintains personnel records.

2        b.    Defendant will only release its employment records regarding any

3    Complainant or discuss the reasons for their departure from the USPS as required by law

4    or with the Complainant's expressed written permission.  Should USPS be required by

5    law to release Complaint's employment records, it will notify Complainant of this

6    requirement within 4 (four) business days of receiving it at Complainants' addresses

7    listed in Paragraphs 12 – 14 below.  In this notice to Complainant, Defendant will include

8    all of the written documents it received requiring it to provide any of Complainant's

9    employment records to a third party.  Furthermore, Complainants agree to refer

10   prospective employers to Defendant's Human Resources Service Center (HRSSC) by

11   calling 1-877-477-3273 and not refer them to contact anyone in their prior or current

12   facilities nor their prior or current supervisors.

13       c.    Defendant shall re-employ Complainant Christopher Jimenez as a career

14   employee at the same job he held at the time of his unlawful termination, with all rights,

15   including, but not limited to, each: pay increase, pension contribution, and bonus;

16   benefits (e.g., vacation leave; other leave like sick leave; medical, dental, eye, and life

17   insurance; Thrift Savings Plan ("TSP") 1 (one) percent automatic contribution); and

18   seniority he would have received if his employment had not been terminated.  For the

19   determination of his restored benefits from April 30, 2021, to April 30, 2023, Defendant

20   shall calculate his benefits as if Mr. Jimenez had been a non-career employee.  For the

21   determination of his restored benefits from May 1, 2023, to the date of his imminent

22   reemployment (not later than July 15, 2024), Defendant shall calculate his restored

23   benefits as if Mr. Jimenez had been a career employee.  For Mr. Jimenez to receive the

24   TSP 1 (one) percent automatic contribution from Defendant pursuant to this Consent

25   Judgment, he will need to enroll in TSP within 90 (ninety) days of being reemployed.

26   Defendant shall provide Mr. Jimenez with a designated on-the-job instructor at the

27   commencement of his reemployment for at least a period of three (3) days.

d.      Unless already addressed, within ten (10) calendar days of completing any requirement delineated in Paragraph 11, Defendant shall produce evidence of compliance to OSHA, via e-mail to OSHA-REG09-WB@DOL.gov and Eldridge.Megan@dol.gov.

### JUDGMENT AND ORDER

**JUDGMENT IS HEREBY ENTERED,** pursuant to Section 11(c) of the OSH Act, 29 U.S.C. §§ 660(c), in favor of the Secretary for the total amount of one hundred eighty-three thousand seven hundred thirty-two dollars and eighty-five cents ($183,732.85), the liability for which is allocated as specified below:

12.      Within seventy-five (75) calendar days of entry of this Order, Defendant shall pay Maurice Mitchell the sum of seventy-two thousand five hundred dollars and zero cents ($72,500.00), which is comprised of forty-three thousand dollars and zero cents ($43,000.00) in back wages and interest and twenty-nine thousand five hundred dollars and zero cents ($29,500.00) for non-pecuniary damages.  This payment shall be made by check made out to MAURICE MITCHELL as the payee, and sent by priority mail to Maurice Mitchell, 3210 S 76th St., Tacoma WA 98409.

13.      Within seventy-five (75) calendar days of entry of this Order, Defendant shall pay Christopher Jimenez the sum of fifteen thousand ten dollars and seventeen cents ($15,010.17), which is comprised of twelve thousand five hundred ten dollars and seventeen cents ($12,510.17) in back wages and interest, and twenty-five hundred dollars and zero cents ($2,500.00) for non-pecuniary damages.  Defendant shall re-employ Christopher Jimenez consistent with paragraph 11.c. of this Consent Judgment.  This payment shall be made by check made out to CHRISTOPHER JIMENEZ as the payee, and sent by priority mail to Christopher Jimenez, 6450 19th St. W., #A, Fircrest, WA 98466.

14.      Within seventy-five (75) calendar days of entry of this Order, Defendant shall pay Samuel Sweezer the sum of ninety-six thousand two hundred twenty-two dollars and sixty-eight cents ($96,222.68), which is comprised of nineteen thousand dollars and zero cents ($19,000.00) in back wages and interest and seventy-seven thousand two hundred and twenty-two dollars and

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                                                    Page 9

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

sixty-eight cents ($77,222.68) for non-pecuniary damages.  This payment shall be made by check made out to SAMUEL SWEEZER as the payee, and sent by priority mail to Samuel Sweezer, 4907 Plomondon Street Apartment, #47, Vancouver, WA 98662.

15.     Defendant shall provide Counsel for the Acting Secretary with proof that the settlement sums were paid per the terms above within three (3) business days of overnight mailing these settlement sums to Complainants.  Defendant shall provide notice via email to the following Counsel:

     a.    Norman Garcia:  garcia.norman@dol.gov for Samuel Sweezer;

     b.    Natasha Magness: magness.natasha.a@dol.gov for Christopher Jimenez; and

     c.    Natasha Magness: magness.natasha.a@dol.gov for Maurice Mitchell.

16.     Each party shall bear its own fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding, including, but not limited to, any costs referenced in the Equal Access to Justice Act, as amended, to the date of execution of this Consent Judgment.  The Court's Order dated January 25, 2024 (ECF No. 40) awarding attorney's fees and costs is satisfied in full under this Consent Judgment.

17.     This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

**IT IS SO ORDERED.**

Dated this 3rd day of July 2024.

ROBERT J. BRYAN
United States District Judge

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                    Page 10

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

Presented by:

Dated this third day of July, 2024

_____

Norman E. Garcia
Counsel for Acting Secretary of Labor Julie A. Sue
United States Department of Labor

Dated this third day of July, 2024

_____

Steven B. Schwartzman,
Counsel for the United States Postal Service

CONSENT JUDGMENT AND
PERMANENT INJUNCTION
Case No.                           Page 11

USDOL Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA 94103

# Appendix A



---

## *Your Rights*
## *Under the Occupational Safety & Health Act*

---

The Secretary of Labor has brought suit against USPS for violating the rights of probationary employees to report injuries free from retaliation under Section 11(c) of the OSH Act in the case *Su v. USPS,* Civil Action No. 3:22-cv-5180-RJB, in the United States District Court in the Western District of Washington.   The Court has ordered USPS to:

Not, in any manner, discriminate against any employee, including any probationary employee, because such employee has reported a workplace injury, instituted or caused to be instituted any proceeding under or related to the employee protection provisions of §11(c) of the Occupational Safety and Health Act of 1970; 29 U.S.C. §660(c) and 29 C.F.R. §1904.36, or has testified or is about to testify in any proceeding or because of the exercise by such employee on behalf of himself, herself or others of any right afforded by this Act.

Additionally, the Court has also ordered that USPS provide training to all management and supervisory staff, about the employee protection provisions of §11(c) of the OSH Act, which prohibits an employer from unfairly evaluating, discharging, demoting, suspending, reprimanding, creating a retaliatory hostile work environment, or in any other way discriminating against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done, or perceived by the employer to have been done or about to be done to:

        A. Report a work-related injury or illness of an employee;

        B. Report a safety or health concern; or

        C. Assist another employee to exercise his or her right under the OSH Act

USPS *shall* not intimidate employees by suggesting or threatening that employee contact, conversation, or cooperation with OSHA officials might result in closure of the employer's facilities, in loss of employment for any employee, or in civil legal action being taken against any employee.

_____
Date

_____
USPS Official

---

## *Visit our Web site at www.osha.gov*
## *or call OSHA at (800) 321-6742 or (206) 757-6677*

---

**Appendix A**

# Appendix B

RETALIATION IS AGAINST THE LAW

The U.S. Postal Service is committed to a culture of compliance with the law and to a safe workplace. All employees (including probationary, term, and temporary employees) are encouraged to be alert to and raise unsafe and hazardous conditions and to be able to freely report a workplace injury without fear of losing their job or suffer other retaliation.

If an employee tells you about a workplace injury (whether they are your direct report or not) or that they see a hazard or potential violation of law, you have a duty to report it as instructed and using form **PS Form 1767** (attached) and you have a duty to ensure that your treatment of that employee going forward is not different because they raised these issues with you.

Federal law protects whistleblowers who raise concerns and possible violations of laws such as the Occupational Safety and Health Act (OSHA). Because of these whistleblower protections, employers must not retaliate against an employee for engaging in activities that are protected under these laws.

Employee activities protected under these laws include:

- *filing a report* about a possible violation of the law with OSHA or other government agencies,
- *raising or reporting a concern* about a possible violation of the law to the employer/supervisor,
- *raising or reporting a workplace injury*, illness, or hazard,
- *cooperating* with law enforcement,
- *refusing to conduct tasks that would violate federal or state law*, or
- *engaging* in any other type of legally protected activity.

These whistleblower protections do not only protect full-time permanent employees. **Probationary, term, and/or temporary employees are equally protected under these federal whistleblower laws.**

You as a supervisor/manager and representative of the U.S. Postal Service may not punish or treat someone differently because they have reported a violation of the law, reported a safety complaint, or reported a workplace injury, illness, or hazard. This is called taking an "adverse action" against an employee. Adverse actions can be subtle. Here are some examples of adverse actions:

- Firing or laying off
- Demoting
- Denying overtime or promotion
- Disciplining
- Denying benefits
- Failing to hire or rehire
- Intimidation (such as responding to an employee with a stern reminder that they are on probation, when the employee reports an injury and requests time off for medical appointments)
- Making threats

- Blacklisting (such as notifying other potential employers that an applicant should not be hired or refusing to consider applicants for employment who have reported concerns to previous employers)
- Reassignment to a less desirable position or actions affecting prospects for promotion (such as excluding an employee from training meetings)
- Reducing pay or hours
- More subtle actions, such as isolating, ostracizing, mocking, or falsely accusing the employee of poor performance.

It is your responsibility to make sure that your decisions as a supervisor or manager promote a workplace culture that is safe and does not discourage raising safety and health concerns. For example, when making decisions regarding employees who have reported a workplace injury, safety concern or hazard ask yourself:

- Did this employee's report of their workplace injury or concern influence my decision to initiate disciplinary action in any way?
- When two or more employees engage in the same improper conduct, do I only discipline or discipline more severely the employee(s) who reported a concern or injury?
- Am I making this schedule change, assignment change, or granting/denying a leave request in the same way I would for an employee who did not report a concern or injury?
- Do I treat employees who have not reported a concern or an injury better than I treat employees who have reported a concern or an injury?

For more information on how employees can file a complaint with OSHA, employees can visit www.whistleblowers.gov or call OSHA at 1-800-321-OSHA (6742).

Please review the attached **OSHA 11(c) Fact Sheet** for more information.

---

REMEMBER—when employees are fearful of reporting—the entire workforce is put at risk! Ensuring that employees can report injuries/illnesses without fear of retaliation is crucial to protecting worker safety and health.

---

# Appendix C



**UNITED STATES POSTAL SERVICE ®**

# Report of Hazard, Unsafe Condition or Practice

Hazard Control Number
*(Assigned by Safety Officer)*

\_ \_ \_ \_ \_ \_

## I. EMPLOYEE'S ACTION

Area *(Specify Work Location)*

Describe hazard, unsafe condition or practice. Recommended corrective action.

| **Employee** | Print and Sign | Date and Tour |
|---|---|---|

## II. SUPERVISOR'S ACTION

Recommend or describe action taken to eliminate the hazard, unsafe condition or practice. *(If corrective action has been taken, indicate the date of abatement.)*

| **Supervisor** | Print and Sign | Date |
|---|---|---|

## III. APPROVING OFFICIAL'S ACTION *(Check One and Complete)*

| | The following corrective action was taken to eliminate the hazard, unsafe condition or practice *(Indicate date of abatement):* |
|---|---|
| | A work order has been submitted to the manager, plant maintenance to effect the following change: |
| | There are no reasonable grounds to determine such a hazard exists. This decision is based upon: |

| **Approving Official** | Print and Sign | Date | Date Employee Notified |
|---|---|---|---|

## IV. MAINTENANCE ACTION *(Complete if Necessary)*

| **Maintenance Supervisor** | Print and Sign | Date | Date Hazard Abated |
|---|---|---|---|

PS Form **1767,** March 2017   PSN 7530-01-000-9422

WHITE – Local Safety Office *(After Abatement)*
YELLOW – Approving Official

PINK – Local Safety Official *(Initial Notice)*
BLUE – Employee



# INSTRUCTIONS

## I. EMPLOYEE (Print, sign, and date.)

a. Complete section I. and file it with your immediate supervisor.

b. If you desire anonymity, complete section I. (including your name) and file the report with the Safety Office. Safety personnel will immediately return the form to your supervisor for necessary action, and will delete your name from the form to ensure your anonymity.

## II. SUPERVISOR (Print, sign, and date.)

a. Investigate the alleged hazard during the same tour of duty in which the report was received.

b. Abate the hazard if it is within the scope of your authority to do so.

c. Record the action taken to eliminate the hazard or record recommendation for corrective action in section II. and sign your name.

d. Forward the original and yellow copy to your immediate supervisor (approving official); send the pink copy to the Safety Office; and give the employee the remaining blue copy as a receipt. It is your responsibility to monitor the status of the report, at all times, until the hazard is abated.

## III. APPROVING OFFICIAL (Print, sign, and date.)

a. Initiate action to eliminate or minimize the hazard. If this results in the submission of a work order, attach the original of this form, and forward through channels, to the manager, Plant Maintenance.

b. If you determine that there are no reasonable grounds to believe a hazard exists, notify the employee in writing within 15 calendar days. Safety personnel will assist you in this determination when requested.

c. If the hazard was abated by the first line supervisor or when it has been abated through your actions, notify the employee in writing, and send the original of this form to the Safety Office.

## IV. MAINTENANCE SUPERVISOR (Print, sign, and date.)

When the work order has been completed, sign, date, and return the original of this form to the approving official who will then forward it to the Safety Office.

# Appendix D

# OSHA® FactSheet

# Filing Whistleblower Complaints under Section 11(c) of the OSH Act of 1970

**Employees are protected from retaliation for raising workplace health and safety concerns and for reporting work-related injuries and illnesses.**

## Covered Employees

Section 11(c) of the *Occupational Safety and Health Act of 1970* (OSH Act) prohibits employers from retaliating against employees for exercising a variety of rights guaranteed under the OSH Act, such as filing a safety and health complaint with OSHA, raising a health and safety concern with their employers, participating in an OSHA inspection, or reporting a work-related injury or illness.

A covered employee is any private sector employee in a business affecting interstate commerce, an employee of the U.S. Postal Service, an employee of certain tribal employers, or a non-federal public sector employee in a state having an OSHA-approved state program.

## Protected Activity

A person may not discharge or in any manner retaliate against an employee because the employee:

Filed any complaint or instituted or caused to be instituted any proceeding under or related to the OSH Act.

Exercised any right afforded by the OSH Act. Examples include, but are not limited to, communicating orally or in writing with management personnel about occupational safety or health matters, including asking questions or expressing concerns, requesting safety data sheets, reporting a work-related injury or illness, or requesting copies of OSHA regulations; filing a safety/health complaint with OSHA, participating in an OSHA on-site inspection.

## Unfavorable Employment Actions

A person may be found to have violated Section 11(c) of the OSH Act if the employee's protected activity was a motivating factor in the person's decision to take unfavorable employment action(s) against the employee. Unfavorable employment actions may include:

- Firing or laying off
- Blacklisting
- Demoting
- Denying overtime or promotion
- Disciplining
- Denying benefits
- Failure to hire or rehire
- Intimidation
- Making threats
- Reassignment affecting prospects for promotion
- Reducing pay or hours

## Deadline for Filing Complaints

Complaints must be filed within 30 days after the alleged unfavorable employment action occurs (that is, when the employee is notified of the retaliatory action).

Employees filing untimely retaliation complaints with OSHA may be referred to the National Labor Relations Board (NLRB) for possible further action.

## How to File an 11(c) Complaint

An employee, or representative of an employee, who believes he or she has been retaliated against in violation of Section 11(c), may file a complaint with OSHA within 30 days (see above). Complaints may be filed verbally with OSHA by visiting or calling the local OSHA office at 1-800-321-OSHA (6742), or may be filed in writing by sending a written complaint to the closest OSHA regional or area office, or by filing a complaint online at www.whistleblowers.gov/complaint_page.html.

Written complaints may be filed by facsimile, electronic communication, hand delivery during normal business hours, U.S. mail (confirmation services recommended), or other third-party commercial carrier.

The date of the postmark, facsimile, electronic communication, telephone call, hand delivery, delivery to a third-party commercial carrier, or

**Appendix D**

in-person filing at an OSHA office is considered the date filed. No particular form is required and complaints may be submitted in any language.

To file a complaint electronically, please visit www.whistleblowers.gov/complaint_page.html.

To contact OSHA to file a complaint, please call 1-800-321-OSHA (6742) and they will connect you to the closest office; or visit www.osha.gov/html/RAmap.html.

Upon receipt, OSHA will review the complaint to determine whether it is appropriate to conduct a fact-finding investigation (e.g., whether the complaint was filed within 30 days; whether the allegation is covered by Section 11(c)). All complaints are investigated according to statutory requirements in 29 CFR 1977.

In the 27 states with OSHA-approved state plans, employees may file a complaint under Section 11(c) of the OSH Act with both the state plan and Federal OSHA. For a list of state plans, please visit: www.osha.gov/dcsp/osp.

## What to do about a Dangerous Situation at Work

If workers believe working conditions are unsafe or unhealthful, it is recommended that they bring the conditions to their employers' attention, if possible.

Workers may file a complaint with OSHA concerning a hazardous working condition at any time. For information on occupational safety and health laws and regulations, visit OSHA's website at www.osha.gov.

However, workers should not leave the worksite merely because they have filed a complaint. If a worker, with no reasonable alternative, refuses in good faith to expose themselves to a dangerous condition, the worker would be protected from subsequent retaliation. Where

possible, the employee must have also sought, but been unable to obtain, a correction of the condition from the employer or OSHA. For more information, go to www.osha.gov/workers.

## Results of the Investigation

If the evidence supports an employee's claim of retaliation and a voluntary settlement cannot be reached, OSHA, through the Office of the Solicitor (SOL), may litigate the case in U.S. District Court. OSHA may seek possible relief to make the employee whole, including:

- Reinstatement.
- Payment of back pay with interest.
- Compensation for special damages and other expenses the employee may have incurred as a result of the violation.
- Punitive damages.
- Other non-monetary relief.

If the evidence does not support an employee's claim of retaliation, OSHA's non-merit finding will become a final order of the Secretary of Labor unless either party objects to the determination within 15 days to the Directorate of Whistleblower Protection Programs (DWPP).

## To Get Further Information

For a copy of Section 11(c) of the *Occupational Safety and Health Act* (29 U.S.C. §660(c)), the regulations (29 CFR 1977), and other information, go to www.whistleblowers.gov.

OSHA's Whistleblower Protection Program enforces the whistleblower provisions of more than twenty federal whistleblower laws. To learn more about the whistleblower statutes which OSHA enforces, view our "Whistleblower Statutes Desk Aid" at www.whistleblowers.gov/whistleblower_acts-desk_reference.pdf. You can also call OSHA at 1-800-321-OSHA (6742) if you have questions or need more information.

**This is one in a series of informational fact sheets highlighting OSHA programs, policies or standards. It does not impose any new compliance requirements. For a comprehensive list of compliance requirements of OSHA standards or regulations, refer to Title 29 of the Code of Federal Regulations. This information will be made available to sensory-impaired individuals upon request. The voice phone is (202) 693-1999; teletypewriter (TTY) number: 1-877-889-5627.**

**For assistance, contact us. We can help. It's confidential.**





www.osha.gov   (800) 321-OSHA (6742)

DWPP FS-3812   06/2015

U.S. Department of Labor

# Appendix E

**OSHA's Form 300A** (Rev. 04/2004)

# Summary of Work-Related Injuries and Illnesses

Year 20____

U.S. Department of Labor
Occupational Safety and Health Administration

Form approved OMB no. 1218-0176

All establishments covered by Part 1904 must complete this Summary page, even if no work-related injuries or illnesses occurred during the year. Remember to review the Log to verify that the entries are complete and accurate before completing this summary.

Using the Log, count the individual entries you made for each category. Then write the totals below, making sure you've added the entries from every page of the Log. If you had no cases, write "0."

Employees, former employees, and their representatives have the right to review the OSHA Form 300 in its entirety. They also have limited access to the OSHA Form 301 or its equivalent. See 29 CFR Part 1904.35, in OSHA's recordkeeping rule, for further details on the access provisions for these forms.

**Note: You can type input into this form and save it.** Because the forms in this recordkeeping package are "fillable/writable" PDF documents, you can type into the input form fields and then save your inputs using the free Adobe PDF Reader.

### Number of Cases

| Total number of deaths | Total number of cases with days away from work | Total number of cases with job transfer or restriction | Total number of other recordable cases |
|---|---|---|---|
| 0 | 0 | 0 | 0 |
| (G) | (H) | (I) | (J) |

### Number of Days

| Total number of days away from work | Total number of days of job transfer or restriction |
|---|---|
| 0 | 0 |
| (K) | (L) |

### Injury and Illness Types

Total number of . . .
(M)

| | |
|---|---|
| (1) Injuries | 0 |
| (2) Skin disorders | 0 |
| (3) Respiratory conditions | 0 |
| (4) Poisonings | 0 |
| (5) Hearing loss | 0 |
| (6) All other illnesses | 0 |

## Establishment information

Your establishment name _____

Street _____

City _____ State ____ Zip ____

Industry description (e.g., *Manufacture of motor truck trailers*)
_____

North American Industrial Classification (NAICS), if known (e.g., 336212)
☐☐☐☐☐☐

### Employment information *(If you don't have these figures, see the Worksheet on the next page to estimate.)*

Annual average number of employees _____

Total hours worked by all employees last year _____

### Sign here

Knowingly falsifying this document may result in a fine.

I certify that I have examined this document and that to the best of my knowledge the entries are true, accurate, and complete.

Company executive _____ Title _____

Phone _____ Date _____

Reset

Post this Summary page from February 1 to April 30 of the year following the year covered by the form.

Public reporting burden for this collection of information is estimated to average 58 minutes per response, including time to review the instructions, search and gather the data needed, and complete and review the collection of information. Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number. If you have any comments about these estimates or any other aspects of this data collection, contact: US Department of Labor, OSHA Office of Statistical Analysis, Room N-3644, 200 Constitution Avenue, NW, Washington, DC 20210. Do not send the completed forms to this office.

**Appendix E**